ACOUSTIC, INSULATION & DRYWALL, INC., ET AL.
*v.* LABOR AND INDUSTRIAL RELATIONS AP-
PEAL BOARD, ET AL.

No. 4695.

SEPTEMBER 30, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, JJ., CIRCUIT JUDGE
OGATA FOR LEVINSON, J., DISQUALIFIED, AND CIRCUIT
JUDGE WONG FOR KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY RICHARDSON, C.J.

The dependents of William E. Bailey, deceased, filed a claim under Hawaii's Workmen's Compensation Law, Chapter 97 of R.L.H. 1955 (Chapter 386, Hawaii Revised Statutes), against deceased's employer, Acoustic, Insulation & Drywall, Inc., and its insurance carrier, First Insurance Company of Hawaii, Ltd. The Director of the Department of Labor and Industrial Relations of the State of Hawaii granted an award which was affirmed by the Labor and Industrial Relations Appeal Board. The employer and its insurance carrier appealed therefrom.

In the trial de novo in the circuit court, the parties did not dispute that the deceased had been performing one of his usual duties of unloading gypsum boards from pulleys and carrying them for distances up to 75 feet. The load, which consisted of two boards taped together, had a total weight of about 180 pounds, and was carried with the help of a fellow employee. Deceased had been on the job for about four hours, but took rest periods of about five minutes between loads, as was the custom. At about noontime, while waiting for the delivery of a third truckload of gypsum board, deceased felt chest pains and obtained permission to go to a hospital. He died before arrival.

The parties further did not dispute medical testimony to the fact that deceased had a severe heart disease and that he had developed a blood clot about two days prior to his death. The dispute rests in the cause of deceased's death. His dependents, hereinafter called claimants, contend that the decedent was able to survive even though his blood vessels had been 90% blocked by the recent clot, but that his normal physical exertions on the day of his death aggravated or contributed to his existing heart condition so that there was an insufficient supply of blood to his heart, thereby causing death of the heart muscle. The employer and its insurance carrier, hereinafter called the employer, contends that the clot itself, which was admit-

tedly due not to his employment but to his progressive heart condition, was the immediate and direct cause of death.

We find it necessary to consider only claimants' specifications of error numbered 6, 7 and 8, relating to the trial court's refusal to give claimants' requested instructions No. 2 and No. 5, and its giving of the employer's requested instruction No. 5. Claimants' requested instructions No. 2 and No. 5 read respectively as follows:

In the absence of substantial evidence to the contrary, it will be presumed that the claim is for a covered work injury.

To overcome the statutory presumption that Appellees have a compensable claim, Appellants must have presented substantial evidence to the contrary. Substantial evidence to the contrary must be evidence such as a reasonable mind might accept as adequate to support a claim.

Employer's requested instruction No. 5 reads as follows:

The burden is on the dependents of William E. Bailey, to prove every essential element of their case by a preponderance of the evidence.

The instruction requested by the employer was the law prior to July 1, 1959. *Estate of Ellen Yin* v. *Acme Mattress Co.,* 40 Haw. 660 (1955); *D. K. Awai* v. *Paschoal,* 43 Haw. 94 (1959).

By Act 240, 1959 Session Laws of the Territory of Hawaii 184, a statutory presumption came into effect on July 1, 1959, which read:

Sec. 97-57A. Presumptions. In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary:

(1) That the claim comes within the provisions of this chapter;

(2) That sufficient notice of such injury has been given;

(3) That the injury was not caused by the intoxication of the injured employee; and

(4) That the injury was not caused by the willful intention of the injured employee to injure or kill himself or another.[1]

In construing this provision, we are guided by the words of this court in *Re Ichijiro Ikoma,* 23 Haw. 291, 295 (1916):

In determining the proper meaning and construction of any one section or provision of the act [Workmen's Compensation Act] we must look to the act as a whole, determine its scope and object and general purpose, take the language used which is free from technicalities and construe that language broadly and liberally with the view of effecting the purposes of the act. ... We must not only look at the act as a whole but must scrutinize it in all its parts; we must consider every provision, and in case of apparent conflict between two provisions we must so construe the act and each provision that effect will be given to each and every portion; we must give to the words used their usual and ordinary signification. ...

The subsequent legislative history of this section on presumptions indicates the provision is intimately tied to changes and deletions in other parts of the statute.

For example, prior to 1963, the law provided for exclusions which the employer could use as defenses. Section 97-6, R.L.H. 1955, contained the following:

Sec. 97-6. Injuries not covered. No compensation shall be allowed for an injury caused by the employee's

[1] In 1963, this section was made Sec. 97-94 of the Revised Laws of Hawaii and subsection (1) was amended to read: "(a) that the claim is for a covered work injury." The amendment was considered "chiefly of a formal character, intended to eliminate inconsistencies and oversights in former amendments." 1963 Hawaii Senate Journal 793.

wilful intention to injure himself or to injure another; or by his intoxication. If the employer claims an exemption or forfeiture under this section the burden of proof shall be upon him.

In 1963, the exclusions of this section were transferred to section 97-3, defining injuries covered by the Act. The clause as to burden of proof was expressly deleted, the legislative committee stating that it had "been deleted as superfluous in view of the presumptions added in 1959 and included in section 97-4 of this chapter." 1963 Hawaii Senate Journal 789.

We think the legislature's intent clearly was to place the burden of proof as to the matters enumerated upon the employer. Giving the words of the statute their "usual and ordinary signification," *Re Ichijiro Ikoma, supra,* we think the nature of the burden on the employer was both the burden of going forward with the evidence and the burden of persuasion. We think this conclusion is consistent with the beneficent and liberal purposes of the statute since in many instances it is virtually impossible for the employee to marshal proof that the injury or accident was covered under the Act. It is the prerogative of the legislature to give the employee every benefit of a doubt.

The statute mandates that the enumerated facts be presumed unless the employer offers substantial evidence to the effect that compensation should be denied.

By "substantial evidence" is meant relevant and credible evidence of a quality and quantity to justify a reasonable man to reach a conclusion. See *Edison Co.* v. *Labor Board,* 305 U.S. 197 (1938) ; *Labor Board* v. *Columbian Co.,* 306 U.S. 292 (1939) ; *cf. Estate of Heeb,* 26 Haw. 538 (1922).

Our understanding of the statute is that if the employer fails to adduce substantial evidence to the contrary,

the presumption dictates that the claimants must win. After the trier of the facts first makes the determination as to whether the evidence adduced by the employer is substantial then he is to weigh and consider the evidence offered by the employer against the evidence offered by claimants supportive of the claim.

In the instant case, the employer showed and claimants agreed that deceased had a serious heart disease and had suffered a recent blood clot which blocked about 90% of the artery. The employer offered evidence from which medical experts inferred the blood clot and subsequent death were the result of a progressively worsening heart condition. To counter this contention, claimants asserted that the additional fact of deceased's continued survival and ability to work in the morning supports the inference that the normal exertions of the job aggravated deceased's condition, causing a coronary insufficiency resulting in death of the heart muscle. They offered some medical testimony to support this theory and cross-examination of the employer's medical witnesses further revealed that claimants' theory was not improbable.

Under the instructions given it, the jury could not properly weigh the facts and the presumption as to the burden of the proof and the effect of the presumption. We think that the trial court erred in denying claimants' requested instructions No. 2 and No. 5 and granting the employer's requested instruction No. 5. It may be added that the word "claim", being the last word in claimants' instruction No. 5 may cause confusion, and it should be changed to "conclusion".

Reversed and remanded for new trial.

*Earl Robinson (Barry Chung* on the brief, *Fong, Miho. Choy & Robinson* of counsel), for the appellants.

*Donald A. Beck (Cades, Schutte, Fleming & Wright* of counsel), for the appellees.