ROSALINE CORDEN, INDIVIDUALLY AND AS
NEXT FRIEND OF JEANETTE CORDEN, ET AL.
*v.* PASCHOAL'S LIMITED AND FIREMAN'S
FUND INSURANCE COMPANY.

No. 4862.

AUGUST 17, 1970.

RICHARDSON, C.J., ABE, LEVINSON, KOBAYASHI, JJ., AND
CIRCUIT JUDGE WONG IN PLACE OF MARUMOTO, J.,
DISQUALIFIED.

OPINION OF THE COURT BY ABE, J.

Paschoal's Limited operates a car rental business on
the island of Maui and has offices in both the Kahului
area and Lahaina area. The decedent, Alvin Corden, was
employed by Paschoal as supervisor in charge of the La-
haina operation. Employed in such capacity, he had the
discretion over the rental of cars and also set his own
working hours. Since he lived in the Kahului area, when-
ever a smaller car, such as a Datsun, was available in
Lahaina, he was instructed to drive it home and exchange

it for a larger car to be driven back to Lahaina the next day. The reasoning behind this was that small cars were easier to rent in the Kahului area. It also appears that he was allowed to use Paschoal's cars for his personal use.

On March 4, 1966 at about 5:00 P.M., the decedent was about to leave the Lahaina office when he received a call from the Mauian Hotel requesting that a Datsun be delivered. Decedent told an employee that he would personally deliver the car and left the office. As he occasionally did, after leaving the office he went to the company garage to check that segment of the operation. There he met a Mrs. Vierra, a fellow employee, who reminded him of the request by the Mauian Hotel for the Datsun. He told her that he was not sending a Datsun to the Mauian Hotel because in the past Paschoal's had so much trouble getting the Hotel to return the cars. He asked Mrs. Vierra to join him for dinner and the two went to a restaurant in the Datsun and had several mixed drinks and dinner. There, they met the Johansens and the four of them went to several nightclubs to drink and dance. At about midnight, the Johansens went home and shortly thereafter decedent drove Mrs. Vierra home.

At about 8:00 A.M. the next morning decedent was discovered lying unconscious at a bottom of a cliff next to the wrecked Datsun. He never regained consciousness and died 12 days later. There is no dispute over the physical evidence that indicates decedent was driving in the direction of his home in Kahului when the accident occurred.

The appellants, decedent's wife and children, filed a claim for Workmen's Compensation with the Industrial Accident Board and appealed an adverse order to circuit court. There, after both parties rested their cases, the appellants moved for a directed verdict on the ground that decedent's accident as a matter of law arose in and out of the course of his employment.

The court refused to grant the motion and instead presented two questions to the jury for factual findings. First, whether decedent was intoxicated; second, whether decedent's accident arose out of and in the course of his employment. Either an affirmative answer in the former or a negative answer in the second will preclude liability. At this point the appellants requested several instructions regarding the statutory presumption that the claim was for a covered work injury.[1] These were not given and present separate issues.

The jury found that though the decedent was not intoxicated the accident did not arise out of and in the course of his employment. Appellants moved for a partial judgment *Non Obstante Veredicto* on the employment issue or a new trial and when denied the appeal was taken. Consequently, the issues facing this court are whether the court erred in allowing the jury to make a factual determination regarding the decedent's employment status at the time of the accident and, if not, did it err in refusing to give the several requested instructions.

The pertinent provision of HRS § 386-3 reads "[i]f an employee suffers personal injury * * * by accident *arising out of and in the course of the employment*" (emphasis added) he or his dependents are entitled to recover under Workmen's Compensation. Here the uncontroverted evidence indicates that decedent's regular duties included driving small cars, such as Datsuns, back to Kahului to be

---

[1] The pertinent portion of HRS § 386-85 provides:

"In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary:

(1) That the claim is for a covered work injury;".

We held in Acoustic, Insulation & Drywall, Inc. v. Labor & Industrial Rel. Appeal Board, 51 Haw. 312, 459 P.2d 541 (1969) that this statutory presumption is more than a procedural device that disappears upon the introduction of contrary evidence; and that the court should instruct the jury that the presumed fact exists unless they are persuaded by substantial evidence to the contrary.

exchanged and it would appear that any injury incurred while fulfilling this duty would be clearly a covered work injury. However, appellees contend that since the Mauian Hotel ordered the Datsun, decedent could not properly exchange it and, hence, the drive on the night of the accident can not be considered a business trip.[2]

The discretionary authority of the decedent to cancel orders for U-drive automobiles has not been questioned. The uncontroverted evidence shows that he did cancel the order for a Datsun placed by the Mauian Hotel. Also the appellees introduced no evidence to contradict the physical evidence that the decedent was injured in an automobile accident while driving the Datsun towards Kahului.

Under the record of this case, it is clear that the decedent was injured while performing one of his duties for which he had been hired—the duty of driving the Datsun back from Lahaina to Kahului to be exchanged. Thus, there is no question that the decedent suffered injuries from an *accident arising out of and in the course of employment*. Whatever the decedent did prior to his starting this trip towards Kahului is immaterial on this issue and it may be deemed that it was his personal business or doings. But as soon as he undertook this trip, it was then and there that he commenced to perform his duties as an employee. *Airport Shuttle Service, Inc.* v. *Curran*, 247 A.2d 204 (Del. 1968); *Olson* v. *Industrial Comm'n*, 273 Wis. 272, 77 N.W.2d 410 (1956); 1 Larson, *Workman's Compensation Law*, § 19.25 at 294.62, § 19.32 at 294.73 (1968). The result was the same as though he had gone to the restaurant and bars in his personal car. Thereafter, he had driven the company's Datsun on his business trip towards Kahului.

---

2 If such were the case, appellees contend the "furnished transportation" rule would apply. Under this doctrine some courts have held that a lengthy antecedent deviation will bar recovery. See Alford v. Quality Chevrolet Co., 246 N.C. 214, 97 S.E.2d 869 (1957).

246

Therefore, we hold that the trial judge erred when he denied the appellant's motion for judgment notwithstanding the verdict.[3] We find that having reached this conclusion it is not necessary to rule on the issue involving the instructions.

Reversed and remanded for determination of award.

*Frank D. Padgett (Padgett, Greeley, Marumoto & Akinaka* of counsel) for appellants.

*Herbert K. Shimabukuro (Libkuman, Shimabukuro & Ventura* of counsel) for appellees.

---

[3] Since the intoxication question was still outstanding, the motion for directed verdict under R. 50(a) was properly denied. Once that issue was resolved in claimants' favor the N.O.V. motion under R. 50(b) should have been granted.