HARRY S. L. MAR, Claimant-Appellee, *v.* HAWAIIAN ELECTRIC COMPANY, Employer-Appellant, Self-Insured

NO. 7328

(CASE NO. AB 77-336)
(2-74-3364)

FEBRUARY 19, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a decision and order of the Labor and Industrial Relations Appeals Board making an award to the appellee based on a holding that a stroke that he had suffered resulted from a previous industrially related back injury. We affirm.

It is apparent from appellant's brief that his physician related the stroke to the pre-existing back injury. The employer produced two physicians who testified to the contrary. The Board found in favor of the appellee. The standard of review is whether the findings of fact of the Board were clearly erroneous. On the record, they were not.

Appellant makes a complicated argument about the effect of the statutory presumption of work relation laid down in § 386-85, HRS, as construed in *Acoustic, Insulation & Drywall, Inc. v. Labor and Industrial Relations Appeal Board,* 51 Haw. 312, 459 P.2d 541 (1969); *Corden v. Paschoal's, Ltd.,* 52 Haw. 242, 473 P.2d 561 (1970); *Akamine v. Hawaiian Packing & Crating Co.,* 53 Haw. 406, 495 P.2d 1164 (1972); and *DeFries v. Ass'n of Owners,* 57 Haw. 296, 555 P.2d 855 (1976).

In a footnote in *Corden, supra,* at 244, the Supreme Court stated:

> We held in *Acoustic, Insulation & Drywall, Inc. v. Labor & Industrial Rel. Appeal Board,* 51 Haw. 312, 459 P.2d 541 (1969),

that this statutory presumption is more than a procedural device that disappears upon the introduction of contrary evidence; and that the court should instruct the jury that the presumed fact exists unless they are persuaded by substantial evidence to the contrary.

Here, the Board, in its decision, stated:

Having considered the entire testimony of Dr. Jack Scaff, Dr. Herbert K.N. Luke, Dr. Francis Won, and of Claimant, and having considered all of the evidence presented, and based on Section 386-85, Hawaii Revised Statutes, (HRS), as interpreted by *Akamine v. Hawaiian Packing and Crating Co.*, 53 Haw. 406 (1972), and *DeFries v. Association of Owners*, 57 Haw. 296 (1976), the Board concludes that Claimant did suffer a stroke on or about January 5, 1975, and that said stroke was related to the injury of February 5, 1974, and the subsequent surgery of February 20, 1974. Claimant's stroke is therefore compensable.

We see no error of law. Affirmed.

*John A. Roney (Stubenberg & Roney* of counsel) for appellant.

*Donald H. C. Low (Nakamura and Low* of counsel) and *Eichi Oki* for appellee.