*469 Dissenting Opinion by
NAKAYAMA, J.
I respectfully dissent from the Majority’s holding that the LIRAB clearly erred by concluding that the employer presented substantial evidence to rebut the presumption that Panoke’s shoulder injuries were a covered employment-related injury. Although I would affirm the ICA’s holding, I disagree with the ICA’s statement of the law governing the LIRAB’s analysis of the weight of the evidence, and thus write to address this issue. More importantly, application of the clearly erroneous standard of review in this case requires this court to refrain from reweighing the evidence presented to the LIR-AB. Therefore, I would affirm the LIRAB’s decision.
HRS § 386-85 states in relevant part that “[i]n any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary ... [t]hat the claim is for a covered work injury!.]” This court has described this statutory presumption of compensability as follows:
The presumption is not a mere procedural device that disappears upon the introduction of contrary evidence.... It imposes upon the employer the burden of going forward with the evidence and the burden of persuasion. It may be rebutted only by substantial evidence that it is unrelated to the employment.... Substantial evidence is relevant and credible evidence of a quality and quantity sufficient to justify a conclusion by a reasonable man that an injury or death is not work-connected.... The presumption is further strengthened by a finding that the death or injury occurred in the course of employment.... If the employer fails to adduce substantial evidence to the contrary, the presumption mandates that the claimant must prevail.
Akamine v. Hawaiian Packing & Crating, 53 Haw. 406, 408-09, 495 P.2d 1164, 1166 (1972) (internal citations omitted). Therefore, “if the employer fails to adduce substantial evidence to the contrary, the presumption dictates that the claimants must win.” Acoustic, Insulation & Drywall, Inc. v. Labor & Indus. Relations Appeal Bd., 51 Haw. 312, 316, 459 P.2d 541, 644 (1969). However, if the employer is successful in adducing substantial evidence to the contrary, the trier of fact must then “weigh and consider the evidence offered by the employer against the evidence offered by claimants.” Id.
In Akamine, the employee suffered a heart attack while at work and died. 53 Haw. at 407, 495 P.2d at 1165. The LIRAB concluded that the employee’s death was a result of long term cardiovascular disease and denied compensation. Id. On appeal, the court focused solely on whether the LIRAB erred in concluding that the employer presented substantial evidence to rebut the presumption of compensability. Id. at 408, 495 P.2d at 1166. In considering the evidence, this court noted that
[t]he legislature indeed has cast a heavy burden on the employer in workmen’s compensation cases. In its wisdom in formulating public policy in this area of the law, the legislature has decided that work injuries are among the cost of production which industry is required to bear; and if there is reasonable doubt as to whether an injury is work-connected, the humanitarian nature of the statute demands that doubt be resolved in favor of the claimant.
Id. at 409, 495 P.2d at 1166. This court explained that the presumption is “crucial in cardiac cases where the causes of heart disease are not readily identifiable,” and “that is precisely why the presumption was inserted by Congress. It signals and reflects a strong legislative policy favoring awards in arguable cases.” Id., 495 P.2d at 1166-67. The Aka-mine court concluded that the employer’s medical expert testimony did not constitute substantial evidence because it did not address “whether the employment effort, whether great or little, in any way aggravated Mr. Akamine’s heart condition which resulted in his death.” Id. at 412, 495 P.2d at 1168.
The Akamine court then included the following discussion regarding the “pervading doubt” surrounding the cause of the employee’s death:
The presence of an additional factor neces-sistates [sic] claimants’ entitlement to compensation benefits: pervading doubt as to the cause of Mr. Akamine’s death bared *470 especially in testimony by Mr. Akamine’s examining physician, Dr. Kuramoto. The beneficent and liberal purposes of the statute require that doubts be resolved in favor of the claimant.
Id. at 414, 495 P.2d at 1169. However, instead of creating a new reasonable doubt standard, the court clarified that “[t]he prevalence of such doubt as to the cause of Mr. Akamine’s death represents a salient index of the absence of substantial evidence to the contrary.” Id. (emphasis added). The reasonable doubt in that case, “coupled with the deficiencies involving relevance and probative weight of the medical testimony discussed, evinces a clear lack of substantial evidence required to overcome the presumption that the claim is for covered work injury.” Id.
This line of reasoning was further expounded on in Igawa v. Koa House Restaurant. 97 Hawai'i 402, 38 P.3d 570 (2001). The court noted that its previous statement that “ ‘the legislature has determined that where there is a reasonable doubt as to whether an injury is work-connected, it must be resolved in favor of the claimant[,]’ ... did not create a reasonable doubt standard.” Id. at 409 n. 6, 38 P.3d at 577 n. 6 (quoting Chung v. Animal Clinic, Inc., 63 Haw. 642, 651, 636 P.2d 721, 727 (1981)) (emphasis added). Although the claimant must prevail where there is a reasonable doubt as to the cause of his/her injury,
the employer is not required to prove beyond a reasonable doubt that the claimant’s injury was not work-related. The proper standard to be applied is whether the employer adduced substantial evidence that the claimant’s injury was not work-related. If the Board determines that the employer has adduced substantial evidence, it must weigh the evidence adduced by the employer against the evidence adduced by the claimant.
Igawa, 97 Hawai'i at 409 n. 6, 38 P.3d at 577 n. 6 (emphasis added). Therefore, the Igawa court understood Akamine’s analysis of reasonable or pervading doubt as to whether the injury was work-related to be part of the inquiry into whether the employer presented substantial evidence to rebut the presumption of compensability and not a standard to be applied by the trier of fact when weighing the evidence after the presumption has been rebutted.
Furthermore, the workers’ compensation cases that have cited to the reasonable doubt language from Akamine, have applied it only in determining whether the statutory presumption was rebutted and not after that determination has already been made. See, e.g., Van Ness v. State, Dep’t of Educ., 131 Hawaii 545, 564, 319 P.3d 464, 483 (2014); Korsak v. Kaiser Permanente Med. Grp., 94 Hawai'i 297, 308-09, 12 P.3d 1238, 1249-50 (2000); Chung, 63 Haw. at 651, 636 P.2d at 727.
Therefore, I disagree with the ICA’s decision to the extent that it applied the reasonable doubt language at the weighing of the evidence stage after it held that the statutory presumption had been rebutted. Panoke v. Reef Dev., No. CAAP-11-0000556, 2014 WL 2949410 (App. June 30, 2014) (SDO). The existence of reasonable or pervading doubts is a factor or indicator of substantial evidence and not the employer’s burden of proof.
Here, the record shows that Reef Development presented substantial evidence to rebut the presumption of work-relatedness. The opinions of Drs. Agles, Lau, and Diamond constituted more than generalized medical opinions. The doctors examined Panoke and his medical records and opined that the accident did not aggravate Panoke’s pre-existing shoulder injuries. Their opinions were reasoned on the delayed development of his shoulder pain as well as the inconsistency between the mechanism of Panoke’s injury that caused his back injury and his shoulder injury. These opinions constituted “relevant and credible evidence of a quality and quantity sufficient to justify a conclusion by a reasonable man that an injury or death is not work-connected.” Akamine, 53 Haw. at 408, 495 P.2d at 1166. The LIRAB did not err in concluding that Reef Development presented substantial evidence to rebut the statutory presumption of compensability. See Igawa, 97 Hawai'i at 408, 38 P.3d at 576; cf. Korsak, 94 Hawai'i at 308, 12 P.3d at 1249 (2000) (doctors’ reports that gave only generalized medical opinions and did not address work- *471 relatedness of the injury did not constitute substantial evidence).
Once the trier of fact concludes that the employer has presented substantial evidence to rebut the presumption that the injury is work-related, the trier of fact must then “weigh and consider the evidence offered by the employer against the evidence offered by claimants.” Acoustic, 51 Haw. at 316, 459 P.2d at 544. On review, “courts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency’s findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the findings of an expert agency dealing with a specialized field.” Application of Hawaiian Elec. Co., 81 Hawai'i 459, 465, 918 P.2d 561, 567 (1996). The deference given to administrative agencies by appellate courts is codified in HRS § gi-MCg),[1] and mixed questions of law and fact are reviewed under the clearly erroneous standard of review. Nakamura, 98 Hawai'i at 267, 47 P.3d at 734. Thus, under the clearly erroneous standard of review, this court should affirm the LIRAB’s conclusion that Panoke’s injury was not work-related “unless, after examining the record, it is left with a definite and firm conviction that a mistake has been committed.” Price v. Zoning Bd. of Appeals of City & Cnty. of Honolulu, 77 Hawai'i 168, 172, 883 P.2d 629, 633 (1994) (quotation marks and citation omitted).
Although there was evidence both supporting and not supporting compensability, the record does not support a definite and firm conviction that the LIRAB clearly erred in crediting the opinions of Dr. Diamond over the opinions of Drs. McCaffrey and Okamu-ra. The LIRAB included thorough and detailed findings of fact that related all of the evidence presented by both Panoke and Reef Development. The LIRAB also included reasons for why it credited Dr. Diamond’s opinion that Panoke’s injury was not caused, aggravated, or accelerated by the accident. These reasons included Dr. Diamond’s opinion that Panoke would have experienced immediate symptoms if his shoulder injury was caused by the accident; Panoke’s immediate complaint of knee symptoms, which contradicted his argument that his shoulder symptoms were masked by the pain from his lower back injury; and Dr. Diamond’s opinion that Panoke’s shoulder injury was not consistent with a traction type mechanism of injury. The LIRAB clearly weighed and considered the evidence before it.
Because it is within the LIRAB’s discretion to weigh the evidence and decide which witnesses were credible, the ICA did not gravely err in affirming the LIRAB’s decision.

. HRS § 91-14(g) reads
Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
(1)In violation of constitutional or statutory provisions; or
(2) In excess of the statutory authority or jurisdiction of the agency; or
(3) Made upon unlawful procedure; or
(4) Affected by other error of law; or
(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.