**Sol C. THOMAS, Appellant,**

v.

**UNION RAILWAY COMPANY,**
Appellee.

No. 12041.

United States Court of Appeals
Sixth Circuit.

Oct. 14, 1954.

L. E. Gwinn, Memphis, Tenn. (R. G. Draper, Memphis, Tenn., on the brief), for appellant.

John M. Regan, Memphis, Tenn. (Cooper Turner, Jr., and Canada, Russell, Turner & Alexander, Memphis, Tenn., on the brief), for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

PER CURIAM.

In the above cause, arising under the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51 et seq., it was claimed that the appellant had sustained injuries while engaged in carrying out his duties as an employee of the railroad company, when leaving his office and stepping from the porch thereof onto the concrete floor of a roundhouse, where he slipped and fell because of pin grease that had been left upon the concrete through the negligence of the railroad.

The trial court charged the jury that the railroad was not liable for injuries sustained from dangers that were obvious or as well known to the injured party as to the railroad; and that if the jury found from the evidence a dangerous condition of the concrete floor near the foreman's office, in the roundhouse, or deficient lighting facilities in that place, "if such dangerous condition existed, was obvious, or as well known to the plaintiff

Thomas as to the railroad, the defendant would not be liable for injury sustained from such dangerous condition." The foregoing charged the employee with assumption of risk. This was error, as "every vestige of the doctrine of assumption of risk was obliterated from the law [the Federal Employers' Liability Act] by the 1939 amendment". Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 58, 63 S.Ct. 444, 446, 87 L.Ed. 610. Even though the employee may know that the employer has been negligent in the furnishing of a safe place to work, the employee does not, under the Federal Employers' Liability Act, assume the risks of such danger. Williams v. Atlantic Coast Line R. Co., 5 Cir., 190 F.2d 744, 748.

■■ To the suggestion that, at most, the instruction, considered in the light of the full charge, was harmless error, we cannot say that the minds of the jury were not influenced or confused to the prejudice of appellant. In such a case, the error in the charge constitutes reversible error. Plough v. Baltimore & O. R. Co., 2 Cir., 172 F.2d 396. In jury trials, erroneous rulings embodied in instructions are presumptively injurious and furnish grounds for reversal unless it affirmatively appears they were harmless. Majestic v. Louisville & N. R. Co., 6 Cir., 147 F.2d 621.

■■ It is contended that appellant may not assign as error the giving of the instruction since he did not object thereto before the jury retired to consider its verdict, in accordance with Rule 51 of the Federal Rules of Civil Procedure, 28 U.S. C.A. Counsel for appellant, in his oral exceptions, stated that he excepted to that portion of the court's charge "that directed that if the substance on the floor involving or causing the accident was so obvious that the plaintiff in the exercise of reasonable care could have seen same, that the railroad company would not be responsible for his accident." This was sufficient as an exception to the charge as actually given by the court. Even where an exception to a charge is not technically sufficient, nevertheless, when its pur-

port is unmistakable in challenging the attention of the trial court to the claimed error and to appellant's right to a clear instruction on a subject which is of importance to his case, it is held by a reviewing court to be definite enough to point out the omission from the charge; and such an exception is sufficient. Pierro v. Carnegie-Illinois Steel Corp., 3 Cir., 186 F.2d 75. See also Kirstner v. Atlantic Greyhound Corp., 4 Cir., 190 F.2d 422.

In accordance with the foregoing, the judgment of the District Court is reversed and the case remanded for a new trial.