S & W CRANE SERVICE, INC., and PACIFIC INSUR-ANCE COMPANY, LIMITED, Appellants-Appellees, *v.* DEPENDENTS OF GEORGE H. BERARD, JR., Deceased, et al., Appellees-Appellants

No. 4894

September 27, 1971

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND MENOR, CIRCUIT JUDGE, IN PLACE OF KOBAYASHI, J., DISQUALIFIED

162

OPINION OF THE COURT BY RICHARDSON, C.J.

On December 15, 1965, the decedent, George H. Berard, Jr., reported for work at the Kalihi work yard of his employer, S & W Crane Service, Inc., (herein called appellee). Upon arrival, Berard was assigned to drive two fellow employees to a nearby work site. Returning from this assignment, the decedent assisted another fellow employee in moving a crane boom section. The decedent then climbed up the side of a 60-ton crane, a vertical distance of five feet, and sat in the operator's seat. After giving a horn signal to mean that he was ready to proceed, Berard slumped to the floor of the crane and died as the result of a heart attack. The dependents of George H. Berard, Jr., (herein called appellants) brought a claim for workmen's compensation benefits. The hearings officer denied the claim. On appeal to the Labor and Industrial Relations Appeal Board, the hearings officer was reversed. The decision of the Appeals Board was then appealed, pursuant to HRS § 386-88[1] to the Circuit Court where the jury found against the appellants.

The appeal raises several points; however, we find that only one merits consideration.

The appellants allege that the trial court erred in charg-

---

[1]Except for cases such as the instant case where proceedings were "had or commenced" within the meaning of HRS § 1-10 prior to the effective date of the amendment to HRS § 386-88, the circuit court at this time has no jurisdiction over workmen's compensation cases. HRS § 386-88, as amended, Act 244, S.L.H. 1969.

ing the jury, as requested by the appellee, as follows:

> The presumption in favor of the claimants as set forth in the Workmen's Compensation Law does not have the attribute of evidence in the claimants' favor. The only office is to control the results where there is an absence of substantial evidence to the contrary.

The appellants' objection to the instruction was:

> [T]hat the first sentence says that the presumption is not evidence, whereas I believe that under the law of Hawaii the presumption is evidence in Claimants' favor and can only be rebutted when there is substantial evidence to the contrary.

It would appear that the appellants reasonably anticipated our holding in *Acoustic, Insulation & Drywall, Inc. v. Labor & Ind. Rel. App. Bd.*, 51 Haw. 312, 459 P.2d 541, *rehearing denied*, 51 Haw. 632, 466 P.2d 439 (1970), wherein we held HRS § 386-85,[2] the statutory presumptions in workmen's compensation cases to mean that "if the employer fails to adduce substantial evidence to the contrary, the presumption dictates that the claimants must win." 51 Haw. at 316-17, 459 P.2d at 544.

The issue in this case is whether appellants have complied with H.R.C.P. Rule 51(e) which provides that: "No party may assign as error the giving . . . of an instruction . . . unless he objects thereto . . . stating . . . the grounds for his objection." We think the grounds stated for the objection were "sufficiently specific to direct the attention of the Court to the issue it sought to raise." *Pierro v. Carnegie-Illi-*

---

[2]HRS § 386-85 reads:

§ 386-85 *Presumptions.* In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary:

(1) That the claim is for a covered work injury;

(2) That sufficient notice of such injury has been given;

(3) That the injury was not caused by the intoxication of the injured employee; and

(4) That the injury was not caused by the wilful intention of the injured employe to injure himself or another.

*nois Steel Corp.*, 186 F.2d 75, 78 (3d Cir. 1950) citing *Green v. Reading Co.*, 183 F.2d 716, 719 (3d Cir. 1950). *See also Thomas v. Union Ry.*, 216 F.2d 18 (6th Cir. 1954). Beyond simply giving notice of a belief that the instruction was erroneous, counsel for appellants proposed two concepts of the law of presumptions: First, an idea that presumptions are evidence[3] in favor of workmen's compensation claimants and second, that the employer must "rebut" the presumption with substantial evidence to the contrary.

This objection correctly pointed out the statutory presumptions under the Workmen's Compensation Law and it reasonably called the attention of the trial court to advise it on the question involved and to give the trial judge an opportunity to consider his ruling and to correct it, if he found it necessary to do so. *Miller v. New York Central R.R.*, 239 F.2d 10, 13 (7th Cir. 1956). *See also Rochester Civic Theatre v. Ramsay*, 368 F.2d 748 (8th Cir. 1966); *Budge Mfg. Co. v. United States*, 280 F.2d 414 (3d Cir. 1960).

We hold that the trial court erred in including the aforesaid instruction in its charges to the jury over the objection of the appellants.

Reversed and remanded for further proceedings.

*Harriet Bouslog (Bouslog & Symonds* of counsel) for appellees-appellants.

*Wilbur K. Watkins, Jr.*, for appellants-appellees.

---

[3]Our opinion in Acoustic, *supra*, can reasonably be said to imply that the presumption in question is not in and of itself evidence, but is in the nature of "a rule about evidence." *See* Hinds v. John Hancock Life Ins. Co., 155 Me. 349, 354, 155 A.2d 721, 725 (1959).