Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000441
13-APR-2021
08:03 AM
Dkt. 45 SO

NO. CAAP-19-0000441

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
FRANCIS HUNT, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-18-033737)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Francis Hunt (**Hunt**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), entered on May 16, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Following a bench trial, Hunt was convicted of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (**OVLPSR-OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-62(a)(1) and (a)(2) (Supp. 2017), and was sentenced pursuant to HRS § 291E-62(c)(3).[2]

---

[1] The Honorable Harlan Y. Kimura presided.

[2] HRS § 291E-62 provides, in relevant part:

**§ 291E-62 Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.** (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any

(continued...)

On appeal, Hunt contends that: (1) the District Court erred in admitting Exhibits 1 and 2, which are certified copies of judgments of conviction entered in Case Nos. 1DTC-14-045515 and 1DTA-17-03246, respectively (also collectively referred to as the **Prior Judgments**); and (2) there was insufficient evidence that Hunt acted with the requisite state of mind, because the State failed to adduce substantial evidence that Hunt had notice (a) that his license had been revoked, (b) that the revocation was pursuant to Part III of HRS Chapter 291E or HRS § 291E-62, and (c) of the dates of the revocation period.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Hunt's contentions as follows.

(1) Hunt argues that the District Court erred in admitting Exhibits 1 and 2, because their admission violated his rights to confrontation and due process under the United States

---

[2] (...continued)
vehicle:

    (1)    In violation of any restrictions placed on the person's license;

    (2)    While the person's license or privilege to operate a vehicle remains suspended or revoked;

. . . .

    (c)    Any person convicted of violating this section shall be sentenced as follows without possibility of probation or suspension of sentence:

. . . .

    (3)    For an offense that occurs within five years of two or more prior convictions for offenses under this section, section 291E-66, or section 291-4.5 as that section was in effect on December 31, 2001, or any combination thereof:

    (A)    One year imprisonment;

    (B)    A $2,000 fine;

    (C)    Permanent revocation of the person's license and privilege to operate a vehicle; and

    (D)    Loss of the privilege to operate a vehicle equipped with an ignition interlock device, if applicable.

and Hawaiʻi Constitutions, and the exhibits "lacked the necessary foundation to be relevant and admissible in the case." Regarding the latter assertion, Hunt contends there was no "live in court testimony" to establish that he was the same person named in the Prior Judgments.

Exhibit 1 is a certified copy of the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed by the District Court of the First Circuit, ʻEwa Division, on November 26, 2014, in Case No. 1DTC-14-045515 (also referred to as **Prior Judgment One**). Prior Judgment One reflects that "Francis Hunt" was convicted of OVLPSR-OVUII, in violation of HRS § 291E-62(a)(1) and (a)(2).

Exhibit 2 is a certified copy of the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed by the District Court of the First Circuit, Waiʻanae Division, on February 26, 2018, in Case No. 1DTA-17-03246 (also referred to as **Prior Judgment Two**). Prior Judgment Two reflects that "Francis Hunt" was convicted in Count 1 of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of HRS § 291E-61(a)(1), and in Count 2 of OVLPSR-OVUII, in violation of HRS § 291E-62(a)(1) and (a)(2).

At trial, the State requested the admission of Exhibits 1 and 2 as "sealed public record[s]" under Hawaii Rules of Evidence (**HRE**) Rules 803(b)(8)[3/] and 902(1),[4/] as follows:

---

[3/]     HRE Rule 803 provides, in relevant part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(b) Other exceptions.

. . . .

(8)     Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil proceedings and against the government in

(continued...)

> [DEPUTY PROSECUTING ATTORNEY (**DPA**)]:  Your honor, at this time the State would move to enter State's -- what has been marked for identification purposes as State's Exhibit 1 as a public record, as a sealed public record under Hawaii Rules of Evidence 902(1) and Hawaii Rule of Evidence 803(8).  Or, apologies, (b)(8).  It's a certified copy of the judgment in case 1DTC-14-045515.
>
> [DEFENSE COUNSEL]:  And, judge, defense initially would object as to lack of foundation.
>
> THE COURT:  Mr. [DPA], it is a certified copy?
>
> [DPA]:  It is a certified court document, your honor.
>
> THE COURT:  Okay. Overruled.
>
> . . . .
>
> [DPA]:  The State would also move what has been marked as State's Exhibit 2 into evidence under the same rules of evidence.  This is a certified court document.  It is a certified copy of the judgment in case 1DTA-17-03246.
>
> [DEFENSE COUNSEL]:  And just renewed objection on the same grounds, judge.
>
> THE COURT:  Okay.  Mr. [DPA], did you show that to -- Exhibit 2 to [Defense Counsel]?
>
> [Exhibits shown to Defense Counsel]
>
> [DEFENSE COUNSEL]:  Okay. Yeah, that's fine.
>
> THE COURT:  Okay.  So Exhibit 2 is also admitted into evidence over objections of the defendant.

Thus, Hunt objected to the admission of Exhibit 1 "as to lack of foundation," and stated a "renewed objection on the same grounds" as to Exhibit 2.

---

3/  (...continued)
        criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

4/    HRE Rule 902(1) provides:

    Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

        (1)    Domestic public documents under seal.  A document bearing a seal purporting to be that of the United States, or of any state, district, commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

"[A] 'lack of foundation' objection generally is insufficient to preserve foundational issues for appeal because such an objection does not advise the trial court of the problems with the foundation." State v. Long, 98 Hawai'i 348, 353, 48 P.3d 595, 600 (2002). "[A]n exception is recognized when the objection is overruled and, based on the context, it is evident what the general objection was meant to convey." Id.

Here, Hunt objected to the admission of Exhibits 1 and 2 "as to lack of foundation," following the State's request that these exhibits be admitted as "sealed public record[s]" under HRE Rules 803(b)(8) and 902(1). In this context, Hunt's objection could reasonably have been construed as challenging the evidentiary foundation for concluding that the exhibits were "public records" or "domestic public documents under seal," as required by the relevant rules. Hunt did not object to admission of the exhibits based on his rights to confrontation and due process or on relevance grounds — even after he was given an opportunity to review the exhibits. We conclude that, based on the context of Hunt's "lack of foundation" objections, it was not "evident" that he meant to convey additional objections based on constitutional or relevance grounds. Long, 98 Hawai'i at 353, 48 P.3d at 600; see also State v. Fox, 70 Haw. 46, 55, 760 P.2d 670, 675 (1988) ("Fairness to the trial court impels a recitation in full of the grounds supporting an objection to the introduction of inadmissible matters." (citing S & W Crane Serv., Inc. v. Berard, 53 Haw. 161, 164, 489 P.2d 419, 421 (1971))).

After the State rested its case, Hunt orally moved for a judgment of acquittal, belatedly arguing that the admission of Exhibits 1 and 2 violated his right to confrontation. This evidentiary objection was untimely and, therefore, this basis for appeal was waived. See HRE Rule 103(a); State v. Villena, No. CAAP-13-0000030, 2015 WL 2451726, at *2 (Haw. App. May 19, 2015) (SDO); State v. Lawhead, No. 29019, 2009 WL 796331, at *2 (Haw. App. Mar. 27, 2009) (SDO) (citing Lee v. Elbaum, 77 Hawai'i 446, 452-53, 887 P.2d 656, 662-63 (App. 1993)). Accordingly, we conclude that Hunt's point of error was waived to the extent he now argues that the admission of Exhibits 1 and 2 violated his

rights to confrontation and due process, and that these exhibits lacked relevance.

Furthermore, the record does not support Hunt's argument that there was no evidence to establish that he was the person named in the Prior Judgments. Prior Judgment One includes, inter alia, the following information: case name, "State v. Francis Hunt"; case and citation/report number, "1DTC-14-045515"; date, "11/26/2014"; vehicle plate number; and violation section, "HRS 291E-62(a)(1)(2)(b)(1)." This information matches the corresponding information on Exhibit 5, which is "a certified copy of [Hunt's] traffic abstract bearing the birth date and last four [digits] of the Social Security number of [Hunt]," and which was admitted into evidence without objection.[5/] Similarly, Prior Judgment Two, includes, inter alia, the following information: case name, "State v. Francis Hunt"; case number, "1DTA-17-03246"; citation/report numbers, "17306587-001" and "17306587-002"; date, "02/26/2018"; violation section, "HRS 291E-61(a)(1)(b)(2)" designated "Count 1"; and violation section, "HRS 291E-62(a)(1)(2)(c)(2)" designated "Count 2." This information matches the corresponding information on Exhibit 5. Exhibit 5 also lists the present case, including, inter alia, the following information: case name, "State v. Francis Hunt"; case and citation number, "1DTC-18-033737"; and "HRS § 291E-62(a)(1)(2)(c)(3)" listed as the violation in "Count 1." Thus, the State, through Exhibit 5 and the testimony of Deputy Umiamaka, established that the person named in the Prior Judgments was Hunt.[6/] See State v. Davis, 133 Hawaiʻi 102, 120,

---

[5/] At trial in the present case, Deputy Sheriff Robert Umiamaka (**Deputy Umiamaka**) testified that on October 18, 2018, he stopped Hunt's vehicle for a traffic infraction. Deputy Umiamaka requested Hunt's driver's license, registration, and proof of insurance. Hunt did not provide a driver's license, so Deputy Umiamaka asked for identification. Hunt provided a "Hawaii ID," which stated, among other things, Hunt's date of birth. Hunt verbally told Deputy Umiamaka the last four digits of Hunt's Social Security number. Based on Deputy Umiamaka's testimony, the birth date and last four digits of the Social Security number that appear on Exhibit 5 are the same as the corresponding information that Hunt provided to Deputy Umiamaka.

[6/] On appeal, Hunt does not argue that Exhibits 1 and 2 were not admissible as public records or were not properly authenticated. Such arguments are thus deemed waived. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7).

324 P.3d 912, 930 (2014).  Accordingly, the District Court did not err in admitting Exhibits 1 and 2.

(2) Hunt argues there was insufficient evidence that he acted with the requisite state of mind, because "the State failed to present any evidence that Hunt was given notice of the ADLRO's[7] decision to revoke his license or that Hunt knew a court had suspended his license pursuant to Part III of HRS Chapter 291E[8] or HRS § 291E-62." (Footnotes added.)  Relatedly, Hunt contends that "the State did not present any evidence that Hunt was aware of the duration of the revocation period."

The Hawaiʻi Supreme Court has long held:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.  Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.  And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.
>
> State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992).

State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (brackets omitted).

The state of mind required to establish an offense under HRS § 291E-62(a)(1) or (a)(2) is not specified and, therefore, is established if a person acts intentionally, knowingly, or recklessly.  HRS § 702-204 (2014).  "A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that

---

[7]     ADLRO refers to the Administrative Driver's License Revocation Office.

[8]     Part III of HRS Chapter 291E governs the administrative revocation process.

such circumstances exist."  HRS § 702-206(3)(b) (2014).

> A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

HRS § 702-206(3)(d) (2014).

Circumstantial evidence and reasonable inferences arising from the evidence of a defendant's acts, conduct, and all of the circumstances may be sufficient to establish the requisite state of mind.  See, e.g., State v. Eastman, 81 Hawaiʻi 131, 141, 913 P.2d 57, 67 (1996).

We reject Hunt's contention that there was insufficient evidence that he acted with the requisite state of mind to support his conviction.  HRS § 291E-62(a) states in relevant part:

> No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section . . . . shall operate or assume actual physical control of any vehicle:  (1) [i]n violation of any restrictions placed on the person's license; [or] (2) [w]hile the person's license or privilege to operate a vehicle remains suspended or revoked[.]

(Formatting altered.)  The State was thus required to prove only that Hunt had a reckless state of mind regarding whether his license remained suspended or revoked on October 18, 2018, the date of the OVLPSR–OVUII charge in this case.

Here, Prior Judgment Two shows that on February 26, 2018, Hunt (see supra) was convicted of OVLPSR-OVUII for violating HRS § 291E-62(a)(1) and (a)(2), and was sentenced to, among other things, a one-year license suspension.[9/]  Each page of Prior Judgment Two bears a cursive signature at the bottom, next to the words, "Hunt, Francis[,] Def's Signature."[10/]  In addition,

---

[9/]    Exhibit 5 similarly lists "LS - Driver License Suspended 1 Year(s)" as part of Hunt's February 26, 2018 sentence on Count 2, "HRS [§] 291E-62(a)(1)(2)(c)(2)," in Case No. 1DTA-17-03246.

[10/]    At trial in the present case, during Hunt's oral motion for judgment of acquittal, defense counsel argued as to Exhibit 1:  "I would direct the court's attention to the bottom left of the form where there is no signature by any defendant; that is left blank."  Similarly, during his closing argument, defense counsel stated: "[J]udge, one of these documents, specifically the one from 2014, does not bear the signature of a defendant

(continued...)

based on Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 43[11] and the face of Prior Judgment Two, which does not indicate that Hunt's presence was waived (i.e., the box next to "Waived Presence of Defendant" is not checked, though other boxes are), it appears that Hunt was present in court for sentencing.  Indeed, the minutes of the February 26, 2018 hearing, which are reflected in Exhibit 5, indicate Hunt's presence.  Exhibit 2, along with the history of Hunt's offenses and convictions documented in Exhibit 5, as well as the reasonable inferences that can be drawn from these exhibits, constitute substantial evidence that Hunt had a reckless state of mind regarding whether his license remained suspended or revoked on October 18, 2018, when he was stopped by Deputy Umiamaka.  Accordingly, we conclude that the State produced sufficient evidence to establish that Hunt acted with a reckless state of mind in driving while his license remained suspended or revoked for OVLPSR-OVUII.  See Davis, 133 Hawaiʻi at 122-23, 324 P.3d at 932-33.

Hunt further contends that the District Court erred in relying on Exhibits 1 through 5 "to establish that Hunt's driver's license was suspended on October 18, 2018 pursuant to Part III of HRS Chapter 291E or HRS § 291E-62 and that he had prior convictions of HRS § 291E-62 mandating an enhanced sentence because the State failed to introduce any evidence to identify . . . Hunt as the same individual as listed in the exhibits."  We disagree.  We ruled above that the State established that the person named in Exhibits 1 and 2, the Prior Judgments, was Hunt. Exhibit 3 is a certified copy of the Notice of Administrative Review Decision of the ADLRO, dated June 10, 2015, which bears Hunt's name and the last four digits of his Social Security number.  This information matches the corresponding information

---

[10] (...continued)
. . . ."  Defense counsel did not make the same argument as to Exhibit 2, i.e., he did not deny that Hunt signed Prior Judgment Two.

[11]    HRPP Rule 43(a) states:  "The defendant shall be present at the arraignment, at the time of the plea, at evidentiary pretrial hearings, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this Rule."  HRPP Rule 43(d) allows a defendant's presence to be waived for non-felony offenses in certain proceedings, but none of the exceptions apply to Hunt in this circumstance.

on Exhibit 5.  Similarly, Exhibit 4 is a certified copy of the Notice of Administrative Review Decision of the ADLRO, dated August 22, 2017, which bears Hunt's name and the last four digits of his Social Security number.  This information also matches the corresponding information on Exhibit 5.  We conclude that the State established that Exhibits 3, 4, and 5 pertained to Hunt.

We also reject Hunt's contention that in convicting Hunt, the District court improperly relied on Exhibits 3 and 4 "to establish Hunt's driver's license was suspended pursuant to Part III of HRS Chapter 291E or HRS § 291E-62."  At trial, the State offered Exhibits 3 and 4 into evidence "not . . . as notice that [Hunt] received th[ese] document[s,] but that [Hunt's] license had been revoked under th[ese] decision[s]."  Defense counsel responded:  "And given those limited purposes, no objection, your honor."  In finding Hunt guilty of OVLPSR-OVUII, the District Court stated in relevant part:

> I've reviewed all the evidence as well as the Exhibits 1 though 5.  And according to HRS 291E-62, it provides that Mr. Hunt was not permitted to drive and operate a motor vehicle if -- while his license was suspended, and according to Exhibits 3 and 4, his license was suspended.

Thus, the District Court cited Exhibits 3 and 4 for the limited purpose for which they were admitted.  This was not error.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 16, 2019, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, April 13, 2021.


On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge