IN THE MATTER OF THE APPLICATION OF OAHU TERMINAL SERVICES, INC., FOR A MOTOR CARRIER CERTIFICATE OR PERMIT PURSUANT TO SECTIONS 106C-10 OR 106C-11, RLH 1955, AS AMENDED.

No. 4866.

August 5, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE HAWKINS IN PLACE OF KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

Oahu Terminal Services, Inc., applied to the Public Utilities Commission, hereafter referred to as commission, for a permit to operate as a contract carrier to provide one motor coach and driver to Oahu Highlite Tours, Inc., for its daily narrated tour to the evening show at the Polynesian Cultural Center. Five certificated common carriers were allowed to intervene in the proceeding protesting the granting of the permit.

Hearings on the application were held before two of the five members of the commission. Subsequently, the commission approved the application. One of the two members who actually heard the evidence did not participate in the decision and when informed of the decision filed a dissenting opinion.

The intervenors have appealed here raising five claims of error. Only two merit discussion.

The commission entered its decision approving the application of Oahu Terminal Services, Inc., without sending a proposed decision to the intervenors, even though only two members actually attended the hearings and heard the evidence. This is a clear violation of HRS § 91-11.

HRS § 91-11 is a section of the Hawaii Administrative Procedure Act, enacted in 1961, and is a revision of the corresponding section of the Revised Model State Administrative Procedure Act approved by the National Conference of Commissioners on Uniform State Laws. It reads:

"§ 91-11. Examination of evidence by agency. When-

ever in a contested case the officials of the agency who are to render the final decision have not heard and examined all of the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision containing a statement or reasons and including determination of each issue of fact or law necessary to the proposed decision has been served upon the parties, and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to the officials who are to render the decision, who shall personally consider the whole record or such portions thereof as may be cited by the parties."

The legislative history makes the meaning and intent of the section clear. House Standing Committee Report No. 8, 1961 House Journal 653, 659, states:

"The words 'or read' has been changed to 'and examined' as to officials who are to render the decision. The reason for the change is to insure that each member of an agency rendering a decision will be personally informed as to the evidence in the case including the hearing of witnesses and examination of all of the evidence in the case; otherwise there should be a proposed decision given to the parties. After the proposed decision has been served upon the parties and an opportunity afforded to each party adversely affected to file exceptions and present arguments to the officials who are to render the decision, then the final decision can be made * * *."[1]

---

[1] The corresponding provision of the revised model act reads:

"§ 11. [Examination of Evidence by Agency] When in a contested case a majority of the officials of the agency who are to render the final decision have not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision is served upon the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs and oral argument to the

Thus, the legislature studiedly imposed a more stringent requirement than the commissioners on uniform state laws. Under the model act, a proposal for decision need not be presented to the parties, if a majority of the agency officials have heard *or* read the record. The Hawaii act makes the presentation of a proposal for decision mandatory, where the agency officials have not heard *and* examined all of the evidence. A deviation from such clear legislative direction is not permissible.

Also, there was a variance between the scope of the permit as approved by the commission and as issued to the applicant. The minutes of the commission meeting of October 14, 1968, show that the commission voted to limit Oahu Terminal Services, Inc., "to service to the Polynesian Cultural Center in Laie as its only point of interest." The permit as issued contained no such limitation.

Reversed and remanded to the commission for proceedings consistent with this opinion.

*Jack H. Mizuha* for intervenors-appellants.

*Roy M. Miyamoto,* Deputy Attorney General (*Bertram T. Kanbara,* Attorney General, with him on the brief), for appellee Public Utilities Commission.

*Ernest A. Ito* (*Chee, Hashimoto, Lee & Oshiro* of counsel) for appellee Oahu Terminal Services, Inc.

---

officials who are to render the decision. The proposal for decision shall contain a statement of the reasons therefor and of each issue of fact or law necessary to the proposed decision, prepared by the person who conducted the hearing or one who has read the record. The parties by written stipulation may waive compliance with this section."