## IN THE MATTER OF
## WESTERN MOTOR TARIFF BUREAU, INC.

No. 5027

June 18, 1971

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This in an appeal made directly to this court[1] from a decision and order of the Public Utilities Commission (herein "appellee") dismissing the request of Western Motor Tariff Bureau, Inc. (herein "appellant") for approval of tariff changes.

The sole question of law for consideration by this court is whether appellee can deny and dismiss appellant's application for approval of tariff changes without granting appellant a hearing on its application.

The facts herein are limited. Chronologically they are:

1. On October 10, 1969 appellant filed the statutory notice for the subject tariff changes to take effect as of November 24, 1969 as required by HRS § 271-21(c).[2]

2. On November 24, 1969 the appellee suspended the effectiveness of the proposed tariff changes for "five months from November 24, 1969",[3] ordered an investigation, and

---

[1]HRS § 271-33 provides:

"Appeals. From every order made on an application for reconsideration or rehearing by the public utilities commission under this chapter, an appeal shall lie to the supreme court in like manner as an appeal lies for an order or decision of a circuit judge at chambers. The appeal shall not of itself stay the operation of the order appealed from, but the supreme court may stay the same after a hearing upon a motion therefor, upon such conditions as it may deem proper as to giving a bond and keeping the necessary accounts or otherwise to secure a restitution of the excess charges, if any, made during the pendency of the appeal in case the order appealed from should be sustained in whole or in part."

[2]HRS § 271-21(c) provides:

"(c) No change shall be made in any rate, fare, charge, or classification, or any rule, regulation, or practice affecting the rate, fare, charge, or classification, or the value of the service thereunder, specified in any effective tariff of a common carrier by motor vehicle; except after thirty days' notice of the proposed change filed and posted in accordance with subsection (a) of this section. The notice shall plainly state the change proposed to be made and the time when it will take effect. The commission may in its discretion and for good cause shown allow the change upon notice less than that herein specified or modify the requirements of this section with respect to posting and filing of tariffs either in particular instances or by general order applicable to special or peculiar circumstances or conditions."

[3]HRS § 271-20(e) provides:

"(e) Whenever there is filed with the commission any schedule stating a

required the appellant to submit sufficient data to justify its schedule of rates being proposed."[4]

3. Appellee's staff by a written request dated January 20, 1970 requested appellant to "furnish copies of its direct exhibits, which it will rely upon if an oral hearing is held" no later than February 24, 1970.

4. On February 16, 1970 the appellant filed its reply to the request of appellee's staff and stated that its Exhibit I filed initially with its application was "all of the direct exhibits relied upon for justification purposes" and requested "an early oral hearing".

5. On April 27, 1970 appellee filed Decision and Order No. 2575 whereby it purported to order the "application for tariff change * * * hereby dismissed for want of prosecution" without even granting appellant a hearing on its

new rate, fare, charge, or classification for the transportation of passengers or property by a common carrier or carriers by motor vehicle, or any rule, regulation, or practice affecting such rate, fare, or charge, or the value of the service thereunder, the commission may upon complaint of any interested person or upon its own initiative at once, and, if it so orders, without answer or other formal pleading by the interested carrier or carriers, but upon reasonable notice, enter upon a hearing concerning the lawfulness of the rate, fare, or charge, or the rule, regulation, or practice, and pending the hearing and the decision thereon the commission, by filing the schedule and delivering to the carrier or carriers affected thereby a statement in writing of its reasons for such suspension, may from time to time suspend the operation of the schedule and defer the use of the rate, fare or charge, or the rule, regulation, or practice, but not for a longer period than five months beyond the time when it would otherwise go into effect, and after hearing, whether completed before or after the rate, fare, charge, classification, rule, regulation, or practice goes into effect, the commission may make such order with reference thereto as would be proper in a proceeding instituted after it had become effective. If the proceeding has not been concluded and an order made within the period of suspension, the proposed changed rate, fare, or charge, or classification, rule, regulation, or practice, shall go into effect at the end of such period; provided that this subsection shall not apply to any initial schedule or schedules filed by any carrier in bona fide operation when this section takes effect. At any hearing involving a change in a rate, fare, charge, or classification, or in a rule, regulation, or practice, the burden of proof shall be upon the carrier to show that the proposed changed rate, fare, charge, classification, rule, regulation, or practice, is just and reasonable."
[4]Appellee's Order No. 2491.

application.

This decision and order was signed and filed three (3) days after the termination of the five (5) months statutory suspension period. HRS § 271-20(e).

6. The appellant received notice of Order No. 2575 by mail on May 5, 1970. Appellant filed its petition for reconsideration thereafter which petition was denied by Decision and Order No. 2595 filed on July 17, 1970.

### APPELLEE'S DECISION AND ORDER NOS. 2575 AND 2595 ARE ERRONEOUS

The appellee relies on HRS § 271-20 as its statutory authority for its Decision and Order No. 2575. However, it is difficult for this court to appreciate appellee's summary action.

Nowhere in the entire HRS § 271-20 is the appellee given the power to arbitrarily dismiss, without a hearing, appellant's application.

To the contra § 271-20 is clear and unequivocal in its requirement of a hearing to be accorded to appellant. Section 271-20(e):

"Whenever there is filed with the commission any schedule stating a new rate * * * *after hearing* * * * the commission may make such order with reference thereto as would be proper * * *." (Emphasis added)

Appellee's Decision and Order No. 2575 is a document of compounded errors:

(1) Under no stretch of the imagination can it be said that appellant failed to prosecute its application. Yet the order states that the application is dismissed "for want of prosecution".

(2) The appellee erred additionally. The provisions of § 271-20(e) provide in relevant part:

"Whenever there is filed with the commission any schedule stating a new rate * * * the commission may from time to time suspend * * * and defer the use of the rate * * * but not for a longer period than five months beyond the time when it would otherwise go into effect * * *.

> If the *proceeding has not been concluded and an order made within the period of suspension, the proposed changed rate * * * shall go into effect at the end of such period * * *.*" (Emphasis added)

Here, the "end of such period" was "five months from November 24, 1969." Thus, on April 27, 1970, when the appellee filed Decision and Order No. 2575 appellant's application for tariff change was already in effect and the appellee was powerless to affect prejudicially appellant's tariff change without according appellant a hearing.[5]

It is implicit in both HRS § 271-20(d) and § 271-20(e) that the appellee cannot affect prejudicially appellant's rates or applications for tariff changes on the basis of an ex parte motion initiated by itself or its staff without a hearing accorded to appellant.

(3) The sufficiency or *insufficiency* of "justification data" submitted by appellant must be determined by appellee at a hearing accorded to appellants. Any direction to the appellant must be made by appellee through its proper orders.

It is regrettable that appellant's petition for reconsideration was not granted. Considerable time and monies have been expended and wasted simply because appellee failed

---

[5]HRS § 271-20(d) provides:

"(d) Any person, organization, or body politic may make complaint in writing to the public utilities commission that any such rate, fare, charge, classification, rule, regulation, or practice, in effect or proposed to be put into effect, is or will be in violation of this section or of section 271-21. Whenever, after hearing, upon complaint or an investigation of its own initiative, the commission shall be of the opinion that any individual rate, fare, or charge, demanded, charged, or collected by any common carrier or carriers by motor vehicle for transportation, or any classification, rule, regulation, or practice whatsoever of the carrier or carriers, affecting such rate, fare, or charge or the value of the service thereunder, is or will be unjust or unreasonable, or unjustly discriminatory or unduly preferential or unduly prejudicial, it shall determine and prescribe the lawful rate, fare, or charge or the maximum or minimum or maximum and minimum rate, fare, or charge thereafter to be observed, or the lawful classification, rule, regulation, or practice thereafter to be made effective."
Alaska Steamship Co. v. Federal Maritime Commission, 362 F.2d 406 at 408 (9th Cir. 1966).

to provide elementary due process hearing that appellant was entitled to regardless of the merit or lack of merit of appellant's application.[6] The powers and resources of government should not be used in a manner giving an appearance of being arbitrary and capricious.

The decisions and orders numbered 2575 and 2595 are vacated and set aside.

Remanded to the appellee for action in conformity with the opinion of this court.

*Wilbur K. Watkins, Jr.,* for appellant.

*Harry S. Y. Kim,* Deputy Attorney General (*Bertram T. Kanbara,* Attorney General, with him on the brief), for appellee.

---

[6]*See* Mortensen v. Emp. Ret. Syst. Trustees, 52 Haw. 212, 219-221, 473 P.2d 866, 871-872 (1970).