In the Matter of the Application of TERMINAL
TRANSPORTATION, INC. For Authorization to
Extend its Operating Authority to Include the
Transportation of Passengers by Motor Vehicles
in the 1 to 7 and Over 12 Passenger Classifications
on the Island of Oahu.

No. 5163

DECEMBER 14, 1972

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

On March 12, 1970 Terminal Transportation, Inc.,
a certificated common carrier of passengers by motor
vehicles, applied to the Public Utilities Commission,

hereafter the Commission, for an extension of its operating authority to include, in addition to existing authority to operate motor vehicles with carrying capacities of 8-12 passengers, authority to operate motor vehicles with carrying capacities of 1-7 and over 12 passengers. Three competing carriers, Gray Line Hawaii, Ltd., Trade Wind Transportation Co., Ltd., and Robert's Ilima Tours, Inc., were allowed to intervene to protest the granting of the application.

A hearing was held on June 17, 1970 before four of the five members of the Commission. Evidence introduced at that time included testimony on behalf of both Terminal Transportation, Inc. and the competing carriers.

After the hearing, proposed findings of fact were filed by the parties. Findings proposed by the competing carriers were filed on August 24, 1970 and included findings as to the equipment capacity, idle capacity and load factor of one of the competing carriers, the competing carriers' active solicitation of additional business because of idle time and capacity, and the competing carriers' willingness to add additional equipment to meet, if necessary, any existing transportation needs.

Subsequently, three commissioners who were present at the hearing and one who was not present unanimously voted to grant the application. The three commissioners who were present later ratified the Commission's action with respect to motor vehicles with carrying capacities of 1-7 passengers but did not similarly ratify the Commission's action with respect to motor vehicles with carrying capacities of over 12 passengers. The commissioner who was not present at the hearing was present, however, when this later action was taken. Presumably, all four commissioners had examined all the evidence in the case.

On January 11, 1971 the Commission formally entered its decision granting the application. At no

prior time, however, did the Commission submit a proposed decision to the parties. Nor, in its decision, did the Commission rule on any of the proposed findings, stated above, filed by the competing carriers.

On February 16, 1971 the Commission denied a petition for reconsideration filed by the competing carriers and, following the denial, the competing carriers appealed to this court. We reverse.

HRS § 91-11 and § 91-12 are provisions of the Hawaii Administrative Procedure Act enacted in 1961. They provide:

> §91-11 *Examination of evidence by agency.* Whenever in a contested case the officials of the agency who are to render the final decision have not heard and examined all of the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision containing a statement of reasons and including determination of each issue of fact or law necessary to the proposed decision has been served upon the parties, and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to the officials who are to render the decision, who shall personally consider the whole record or such portions thereof as may be cited by the parties.

> §91-12 *Decisions and orders.* Every decision and order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record and shall be accompanied by separate findings of fact and conclusions of law. If any party to the proceeding has filed proposed findings of fact, the agency shall incorporate in its decision a ruling upon each proposed finding so presented. Parties to the proceeding shall be notified by delivering or mailing a certified copy of the decision and order and accompanying findings and conclu-

sions within a reasonable time to each party or to his attorney of record.

In entering its decision without first submitting a proposed decision to the parties, even though one member of the Commission who participated in the decision making process was not present at the hearing and, in consequence, did not hear all of the evidence in the case, the Commission violated Section 91-11.

In failing in its decision to rule on the competing carriers' proposed finding mentioned above, the Commission also violated Section 91-12.

I. *The Commission's Failure to Submit a Proposed Decision to the Parties.*

Section 91-11 requires the submission of a proposed decision in all contested cases where agency officials who are to render the final decision have not heard as well as examined all of the evidence in the case. *In re Oahu Terminal Services, Inc.,* 52 Haw. 221, 473 P.2d 573 (1970).

A comparison of Section 91-11 with the analogous provision contained in the Revised Model State Administrative Procedure Act, of which Section 91-11 is a revision, *In re Oahu Terminal Services, Inc.,* 52 Haw. at 222, 473 P.2d at 574, makes clear that this requirement applies whether a single agency official or a majority of agency officials are involved.

The analogous provision of the Revised Model State Administrative Procedure Act, in pertinent part, provides:

§11 [Examination of Evidence by Agency] When in a contested case a majority of the officials of the agency who are to render the final decision have not heard the case . . . the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision is served upon the parties. . . .

In contrast, Section 91-11, also in pertinent part, provides:

> §91-11 *Examination of evidence by agency.* Whenever in a contested case the officials of the agency who are to render the final decision have not heard . . . all of the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision . . . has been served upon the parties. . . .

It is clear that if the legislature had intended the proposed decision requirement to apply, as in the Revised Model State Administrative Procedure Act, only where "a majority of" agency officials have not heard the evidence it certainly would have so provided. Instead, the legislature deleted the phrase from the language of Section 91-11. As we said in *In re Oahu Terminal Services, Inc., supra,* "[a] deviation from such clear legislative direction is not permissible." 52 Haw. at 224, 473 P.2d at 574.

As indicated in *In re Western Motor Tariff Bureau, Inc.,* 53 Haw. 14, 486 P.2d 413 (1971), this court, in the absence of clear legislative direction to the contrary, will not interpret provisions of the Hawaii Administrative Procedure Act so as to give government even "an appearance of being arbitrary or capricious." 53 Haw. at 19, 486 P.2d at 416. While the participation in the decision making process of an agency official who has not heard all the evidence may or may not, as a factual matter, influence the action taken by other agency officials, the parties and the public may well conclude that such influence exists. *See McAlpine* v. *Garfield Water Commission,* 135 N.J.L. 497, 500, 52 A.2d 759, 761 (1947). As we said in a different context, at the least such participation "cast[s] suspicion on the integrity of the [decision making process]." *White* v. *Board of Education,* 54 Haw. 10, 16, 501 P.2d 358, 363 (1972).

We conclude that the participation in the decision making process of the Commission member who was not

present at the hearing made the submission of a proposed decision necessary in this case.

## II. *The Commission's Failure to Rule on the Proposed Findings of the Competing Carriers.*

It is a settled rule in administrative law that a separate ruling on each proposed finding filed by a party is not indispensable. 2 DAVIS, ADMINISTRATIVE LAW TREATISE § 16.02 (1958). All that is required is that the agency incorporate its findings in its decision. *See NLRB* v. *Sharples Chemicals, Inc.,* 209 F.2d 645, 652 (6th Cir. 1954). In so doing, however, the agency must make its findings reasonably clear. The parties and the court should not be left to guess, with respect to any material question of fact, or to any group of minor matters that may have cumulative significance, the precise finding of the agency. *See generally California Motor Transport Co.* v. *Public Utilities Commission,* 59 Cal. 2d 270, 379 P.2d 324, 28 Cal. Rptr. 868 (1963).

In this case the Commission failed to rule on each of the findings proposed by the competing carriers. It is, therefore, not even arguable that the Commission complied with the findings requirement contained in Section 91-12. We need only restate the conclusion that the Commission violated that provision.

We are dismayed by the Commission's failure to comply with the provisions of the Hawaii Administrative Procedure Act both in this case and in two other recent cases, *see In re Western Motor Tariff Bureau, Inc., supra; In re Oahu Terminal Services, Inc., supra.* These provisions may not be disregarded. A fundamental reason for the enactment of the Hawaii Administrative Procedure Act was to insure fairness and impartiality in administrative proceedings. Fairness and impartiality cannot be insured when an administrative agency such as the Public Utilities Commission consistently refuses to abide the clear mandates of the statute.

Reversed and remanded to the Commission for proceedings not inconsistent with this opinion.

*Arthur S. K. Fong (Jack H. Mizuha* on the briefs) for Appellants.

*Charles H. Silva, Jr.* for Applicant-Appellee.

*Harry S. Y. Kim,* Deputy Attorney General (*George Pai,* Attorney General, of counsel) for the Commission.