# SURVIVORS OF BENNETT G. CARIAGA, DECEASED, Claimants-Appellants, *v.* DEL MONTE CORPORATION, Employer-Appellee, Self-Insured

## NO. 7754

### CASE NO. AB 79-59 (2-76-21225)

### JANUARY 18, 1982

### HAYASHI, C.J., PADGETT AND BURNS, JJ.

## OPINION OF THE COURT BY BURNS, J.

This is a workers' compensation case which involves an interpretation of the portion of Hawaii Revised Statutes (HRS) § 91-11 (1976) which says, "Whenever in a contested case the officials of the agency who are to render the final decision have not heard and examined all of the evidence. . . ." Does the phrase "the officials of the agency who are to render the final decision" refer to all of the members of the Labor and Industrial Relations Appeals Board (LIRAB)[1] or only to the members of the LIRAB who actually render

---

[1] HRS § 371-4 (1976) reads in part:

§371-4 Labor and industrial relations appeals board. (a) There is created a labor and industrial relations appeals board composed of three members. . . .

. . . . .

(c) A decision concurred in by any two members shall constitute a decision of

the final decision? We hold that it refers to all of the members of the LIRAB.

Claimants-Appellants filed a HRS § 386-3 (1976) Dependents' Claim for Compensation with the Workers' Compensation Division of Hawaii's Department of Labor and Industrial Relations, alleging that the decedent's suicide by hanging was caused by his "depression as a result of being suspended from his job for no apparent reason."

The Department's Director determined that the fatality did not arise out of and in the course of employment, and appellants appealed to the LIRAB pursuant to HRS § 386-87 (1976).

The *de novo* appeal hearing was attended by two of the three full-time LIRAB members. At the conclusion of the hearing, the following conversation occurred:

[COUNSEL FOR EMPLOYER]:   I will for the record waive the third member here.

CHAIRMAN:   Oh, yes, I am sorry. I neglected to do that.

[COUNSEL FOR CLAIMANTS]:   I am not sure if I will waive that now. I'd like to —

CHAIRMAN:   Okay, in that event we will look at it and we will issue a proposed decision and you want an opportunity to file exceptions to that. Anything else?

[COUNSEL FOR EMPLOYER]:   Nothing further.

Thereafter, notwithstanding its Chairman's commitment, the LIRAB did not issue a proposed decision and did not provide an opportunity for the filing of exceptions. Instead, it issued a Decision and Order signed by the two members who attended the hearing, affirming the Director's Decision and Order.

Claimants raise two issues on appeal:

1. The LIRAB erred in failing to satisfy the applicable

---

the board.

(d) A vacancy in the board, if there remain two members of it, shall not impair the authority of two members to act.

(e) If any member of the board is unable to act because of absence, temporary disability, or disqualification, the governor may make a temporary appointment and the appointee shall have all the powers and duties of a regular member of the board.

. . . .

requirements of HRS § 91-11 (1976) prior to issuing its Decision and Order;

2. The LIRAB erred in concluding that decedent's state of depression and resultant death were not related to his employment.

The LIRAB is an agency subject to the requirements of the Administrative Procedure Act (HRS chapter 91, 1976, as amended); *Cazimero v. Kohala Sugar Co.,* 54 Haw. 479, 510 P.2d 89 (1973); *Ras v. Hasegawa,* 53 Haw. 640, 500 P.2d 746 (1972).

HRS § 91-11 (1976) provides as follows:

§91-11 Examination of evidence by agency. Whenever in a contested case the officials of the agency who are to render the final decision have not heard and examined all of the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision containing a statement of reasons and including determination of each issue of fact or law necessary to the proposed decision has been served upon the parties, and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to the officials who are to render the decision, who shall personally consider the whole record or such portions thereof as may be cited by the parties.

If the third member of the LIRAB who was not present at the hearing had signed the LIRAB's Decision and Order, then unquestionably HRS § 91-11 required the LIRAB to comply with 91-11's procedures before it rendered its final decision. *In Re Terminal Transportation, Inc.,* 54 Haw. 134, 504 P.2d 1214 (1972).

However, the Employer contends that HRS § 91-11 allows the LIRAB to avoid 91-11's requirements if the member who was not present at the hearing neither participates in the decision-making process nor in the final decision. It argues that 91-11 does not apply here because the two officials rendering the final decision heard and examined all of the evidence, and the third official who did not hear and examine all of the evidence did not participate in the decision.

Essentially, the Employer contends that LIRAB is entitled to function as three two-person panels[2] without the burden of complying with 91-11's requirements.

---

[2] Board members one and two; one and three; two and three.

Section 91-11, HRS, is ambiguous to the extent that we do not know whether the phrase "the officials of the agency who are to render the final decision" refers to (1) all of the members of the agency or (2) only the members of the agency who actually render the final decision. We opt for interpretation (1).

In this situation legislative history gives some insight into but does not answer the ambiguity.

Section 91-11, HRS, became law via Act 103, 1961 Session (H.B. No. 5, H.D. 1). It had been under consideration in the 1959 First Special Session as H.B. No. 34 and in the 1960 Budget Session as H.B. No. 11. The 1959 Legislature noted that the basic structure for H.B. No. 34, H.D. 1, was "the first tentative draft of the revision of the Model State Administrative Procedure Act which was drawn up at the meeting of the National Conference of Commissioners on Uniform State Laws on August 17-22, 1959. . . ."[3]

House Bill No. 34's version of section 11 began as follows: "Whenever in a contested case a majority of the officials of the agency who are to render the final decision have not heard and examined all of the evidence. . . ." That language was amended in H.B. No. 34, H.D.1. The committee report explains the amendment: "The phrase 'majority of ' in the original bill has been deleted. The reason for the deletion is to insure that each member of an agency rendering a decision will be personally informed as to the evidence in the case including the hearing of witnesses and examination of all of the evidence in the case; otherwise there should be a proposed decision given to the parties."[4]

When they omitted the phrase "majority of " from section 11, the legislature was copying the first tentative draft of the revision of the Model State Administrative Procedure Act which had also deleted the phrase. The Model Act's Comment tells us why it was changed:

> The changes from the present Model Act are these: (1) The phrase "a majority of the officials" has been changed to "the officials." The phrase "majority of " has apparently caused concern to several state legislatures. Various modifications have

---

[3] H. Stand. Comm. Rep. No. 83, 31st Hawaii Terr. Leg., 1st Special Sess. 224, 225 (1959-1960).

[4] H. Stand. Comm. Rep. No. 83, *supra* at 231.

been adopted. It is believed that the suggested language will make sure that each member participating in a decision is personally informed as to the facts of the case; and that it facilitates the delegation of decision-making powers to a panel, in cases where it is not practicable for each member of the agency to participate actively in each case.

Model State Administrative Procedure Act § 11, Comment (Tent. Draft No. 1, 1959).

Two years later, in the 1961 Session,[5] H.B. No. 5, which was a short-form bill, described section 11 as follows:

(k) *Examination of Evidence by Agency.* This section provides for a procedure where an agency may render a decision where someone else has heard the case, however, after a decision is made, the party adversely affected may file exceptions and argue the matter again before the agency.

The committee report[6] which was issued to explain H.B. No. 5, H.D. 1, which became Act 103, 1961 Session (HRS § 91-11), commented on section 11 as follows:

(a) The words "or read" has [sic] been changed to "and examined" as to officials who are to render the decision. The reason for the change is to insure that each member of an agency rendering a decision will be personally informed as to the evidence in the case including the hearing of witnesses and examination of all of the evidence in the case; otherwise there should be a proposed decision given to the parties.

Curiously, without explanation, the phrase "majority of" was put back into the Fourth Tentative Draft of the Model Act,[7] and it has been in the Model Act ever since. 14 U.L.A. *Model State Administrative Procedure Act* § 11 (1980). If the Employer is correct that the words "the officials of the agency who are to render the final decision" refer to a majority of the members, then it logically follows that the words "the majority of the officials of the agency who are to render the final decision" refer to a majority of the majority which is not, in cases of boards with four members or more, a majority of the

---

[5] 1st Hawaii Leg., 1st Sess. (1961).

[6] H. Stand. Comm. Rep. No. 8, 1st Hawaii Leg., 1st Sess. 653, 659 (1961).

[7] Model State Administrative Procedure Act § 11 (Tent. Draft No. 4, 1961).

entire board. Such a result is contrary to the intent of section 11 as stated in the Fourth Tentative Draft's Comment:

> The purpose of this section is to make certain that those persons who are responsible for the decision shall have mastered the record, either by hearing the evidence, or reading the record or at the very least receiving briefs and hearing oral argument.[8]

(Footnote added.)

We recognize that the holding in *In Re Terminal Transportation, Inc., supra,* 54 Haw. 134, 504 P.2d 1214 (1972), can be interpreted as support for the Employer's position. In that case, four of the five members of the Public Utilities Commission attended the hearing. The Hawaii Supreme Court held that HRS § 91-11 was applicable because the member who did not attend the hearing was one of four votes in favor of the application. The implication is that if the member who did not attend the hearing did not vote, then 91-11 would not have applied. However, the issue in the case before us was not before the court in that case.

We recognize that HRS §§ 92-15 and 371-4(c) (1976) authorize the LIRAB to conduct business with only two of its three members present and to make decisions upon the concurrence of only two of its three members. However, whether or not either section authorizes the LIRAB to function as if it is three two-member panels or as if it has only two members,[9] neither of them authorizes LIRAB to ignore the requirements of HRS § 91-11.

As pointed out by the Employer, the impact of HRS § 91-11 applies to all agencies[10] in contested case situations. What impact does the Employer's interpretation have on representational boards? For example, the Contractors License Board has thirteen members — three general engineering contractors, three specialty contractors, three general building contractors, and four non-

---

[8] Model State Administrative Procedure Act § 11, Comment (Tent. Draft No. 4, 1961).

[9] *Cf.:* HRS § 602-55 (1976, as amended), which specifically authorizes the Hawaii Intermediate Court of Appeals to function in panels of not less than three judges.

[10] HRS § 91-1(1) reads:

(1) "Agency" means each state or county board, commission, department, or officer authorized by law to make rules or to adjudicate contested cases, except those in the legislative or judicial branches.

contractors, of which eight are from Honolulu County, two from Hawaii County, two from Maui County, and one from Kauai County. HRS § 444-3 (1976). Under the Employer's interpretation, any seven who heard and examined all of the evidence can decide any contested case and all parties adversely affected are denied the opportunity to involve the other members who, for whatever reason, did not hear and examine all of the evidence.

The Board of Registration of Professional Engineers has fourteen members — three professional engineers, three professional architects, three professional surveyors, two professional landscape architects, and three public members, with at least one member from each county. HRS § 464-6 (1976, as amended). Under the Employer's interpretation, any eight who heard and examined all of the evidence can decide any contested case and all parties adversely affected are denied the opportunity to involve other members who, for whatever reason, did not hear and examine all of the evidence.

We appreciate the fact that like most agencies LIRAB is always seeking ways and means to dispose of more cases and that the two-member panel system is one of the ways and means it has come up with.

We also appreciate that many of the other boards which may be affected by our decision in this case are composed of members who serve without pay, many of whom are from the neighbor islands.

Of at least equal concern, however, is the right of all parties who would be adversely affected by the decision to have all of the members of the agency either hear and examine all of the evidence or consider what the adversely affected parties have to say about the proposed decision and the record upon which it is based before the agency makes its final decision.

In the case of LIRAB, the procedure could be as follows: The hearing could be conducted by a hearings officer or by one or two members who would then render a proposed decision under HRS § 91-11. All parties adversely affected would then be given one opportunity to file exceptions and present argument[11] to all three members. At that point, § 91-11 is satisfied. Thereafter, at least two of the three LIRAB members would make the final decision.

---

[11] We think LIRAB has the power to determine whether the argument shall be written or oral or both.

With respect to the second issue in this case, we question, but do not decide, whether the LIRAB's Decision and Order in this case satisfies the procedural and substantive requirements discussed in *Chung v. Animal Clinic, Inc.,* 63 Haw. 642, 636 P.2d 721 (1981); *Lawhead v. United Airlines,* 59 Haw. 551, 584 P.2d 119 (1978); *In Re Kauai Elec. Div. of Citizens Utilities Company,* 60 Haw. 166, 590 P.2d 524 (1978); and *Survivors of Timothy Freitas, Dec. v. Pacific Contractors Company,* 1 Haw. App. 77, 613 P.2d 927 (1980).

Reversed and remanded for further proceedings consistent with this opinion.

*Bruce B. Kim (Kim & Kim* of counsel) for claimants-appellants.

*Burt Sakuda (L. Richard Fried, Jr.,* and *Vicente F. Aquino* on the brief; *Cronin, Fried, Sekiya, Haley & Kekina* of counsel) for employer-appellee, self-insured.