**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000179
24-MAR-2023
07:48 AM
Dkt. 173 MO**

NO. CAAP-18-0000179

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JERAUL PLADERA, Petitioner-Appellant-Appellant,
v.
COUNTY OF MAUI, MAUI COUNTY POLICE DEPARTMENT,
Respondents-Appellees-Appellees,
and
MAUI COUNTY CIVIL SERVICE COMMISSION,
Agency-Appellee-Appellee,
and
DOE ENTITIES 1-10, Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC171000129)

**MEMORANDUM OPINION**
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Petitioner-Appellant-Appellant Jeraul **Pladera** appeals from the Judgment entered by the Circuit Court of the Second Circuit on February 26, 2018.[1]  For the reasons explained below, we affirm in part, vacate in part, and remand to the circuit court for further proceedings.

**BACKGROUND**

Pladera was a lieutenant in the Maui County Police Department (**MPD**).  In January 2015 MPD announced vacancies for

---

[1]    The Honorable Peter T. Cahill presided.

three positions as captain.  Pladera was one of thirteen who applied for the positions.

The chief of MPD appoints police captains.  <u>See</u> Charter of the County of Maui (**CCM**) § 8-12.4 (2015).  The chief assigned the deputy chief and three assistant chiefs (from the Investigative, Uniformed, and Support Services bureaus) to the Promotional Review Board (**PRB**), as required by MPD **General Order 202.8** ("Promotions for Sworn Personnel").[2]

The MPD "Promotional Review System [for] Police Captain" (**PRS-PC**) provides the PRB with specific and detailed guidance on applying the criteria listed in General Order 202.8. The PRB interviewed and rated each of the thirteen candidates based upon the PRS-PC.

Under General Order 202.8, each candidate also received a Merit Standard grade.  The Merit Standard grade was calculated by MPD's Business Administrator based on a point system prescribed by the PRS-PC.

Then, under the PRS-PC:

> The total scores for the Merit Standard and the Promotional Review Board Standards are combined.  The ratings of these two evaluation segments are equally weighted and consolidated to produce a total rating for each candidate. This rating is defined as a score - maximum total score is 100, using a scale of 100.  The candidates are ranked relative to this total score which is presented to the Chief of Police who makes the final selection.

In making the final selection:

> The Chief of Police, as the Department's Appointing Authority, will select and promote the best candidate for the position using the Promotional Board's recommendation, but is not precluded from exercising his powers, rights and privileges vested in the position which conform to

---

[2]    General Order 202.8 states, in part:

> The Promotional Review System is a method of rating candidates objectively on the basis of merit, skills, knowledge, experience, and ability which are consistent with Civil Service Rules and Regulations.  It is an appropriate selection process which advocates that the person promoted is the best qualified among candidates eligible for promotion.  The Promotional Review System establishes promotional standards based upon merit and ability.

> applicable laws, rules, regulations, policies, and standards of the merit system as stated in the Rules and Regulations of the Department of Personnel Services, County of Maui.

The three highest-scoring candidates (all lieutenants) were selected to fill the captain positions. Pladera had a total score of 82; he ranked 5th out of the thirteen applicants.

Pladera, representing himself, filed a petition with Agency-Appellee-Appellee Maui County Civil Service **Commission**[3] on February 27, 2015. His petition stated:

> The key issue is that the current Maui Police Department promotional system is . . . too subjective and does not take into account enough of the merit factor for promotions for personnel. . . . I am requesting that the Maui Police Department Promotional Process be changed to reflect the current HRS standing to be more merit based in choosing personnel for promotion.[4]

The Commission scheduled a hearing. Pladera requested a continuance so he could retain counsel. The Commission granted several continuances. Pladera appeared with counsel at hearings on November 2, 2016, December 20 and 21, 2016, and January 12, 2017.

_____

[3] The counties of Hawaiʻi, Maui, and Kauaʻi are each required to have a department of civil service and a merit appeals board. Hawaii Revised Statutes (**HRS**) § 76-71 (2012). In the county of Maui the Department of Personnel Services (**DPS**) is the department of civil service. CCM § 8-9.1 (2015). The Commission functions as the merit appeals board. CCM § 8-9.4(3) (2015); see HRS § 76-47(b) (2012) ("A jurisdiction may continue to use its civil service commission or appeals board, with or without modification, as its merit appeals board . . . ."). The Commission consists of five members appointed by the mayor with the approval of the county council. CCM § 8-9.4 (2015).

[4] HRS § 76-1 (2012), part of the Hawaiʻi Civil Service Law, provides in relevant part:

> It is the purpose of this chapter to require each jurisdiction to establish and maintain a separately administered civil service system based on the merit principle. The merit principle is the selection of persons based on their fitness and ability for public employment and the retention of employees based on their demonstrated appropriate conduct and productive performance. It is also the purpose of this chapter to build a career service in government, free from coercive political influences, to render impartial service to the public at all times, according to the dictates of ethics and morality and in compliance with all laws.

On March 1, 2017, the Commission issued its "Findings of Fact, Conclusions of Law, and Order Denying [Pladera]'s Petition of Appeal[.]" The Commission characterized the issue presented as:

> Whether or not [the Chief of Police] erred in not selecting [Pladera] to fill one of three positions to Police Captain, i.e., Position Nos. PD-0004, PD-0012, and PD-0406, pertaining to a promotional announcement that opened on January 2, 2015[,] and closed on January 15, 2015?

The Commission found:

> 69. . . . [T]he Chief of Police . . . as the Department's Appointing Authority[] has discretion to select and promote the best candidate for the position using the results of the Promotional Review System. This discretion provides the Chief of Police the authority to promote a candidate regardless of how the candidate scored on the Merit Standards and the PRB evaluation.

The Commission concluded:

> 6. As the Chief of Police, MPD and appointing authority, [the Chief of Police] has the discretion to fill Police Captain positions . . . pursuant to the authority provided in DPS, Rules of the Director of Personnel Services, §[]11-205-3(a).
>
> 7. Based on the results of the Merit Standards and PRB evaluation, as well as the ranking of the candidates for the Police Captain positions . . . , [the Chief of Police] acted within his scope of authority and discretion pursuant to DPS, Rules of the Director of Personnel Services, §[]11-205-3(a), by selecting [the three highest-scoring candidates] for promotion to Police Captain.

The Commission determined that the chief of MPD "did not violate any applicable civil service rule, law or policy, by not selecting [Pladera] for promotion to Police Captain[.]" Pladera's appeal was denied.

On April 3, 2017, Pladera (through counsel) filed a notice of appeal in circuit court. The circuit court affirmed the Commission's determination. On February 26, 2018, the circuit court entered the Judgment.[5]

---

[5] The circuit court also entered findings of fact, conclusions of law, and an order. But in an HRS § 91-14 agency appeal, the circuit court

(continued...)

4

This appeal followed.

## STANDARD OF REVIEW

Our review of a circuit court decision on an appeal from an administrative agency determination is a secondary appeal; we must determine whether the circuit court was right or wrong in its decision, applying de novo the standards set forth in Hawaii Revised Statutes (**HRS**) § 91-14(g) (Supp. 2017) to the agency's decision. Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018) (citation omitted).

HRS § 91-14(g) (Supp. 2017) provides, in relevant part:

> Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> > (1)  In violation of constitutional or statutory provisions;
> >
> > (2)  In excess of the statutory authority or jurisdiction of the agency;
> >
> > (3)  Made upon unlawful procedure;
> >
> > (4)  Affected by other error of law;
> >
> > (5)  Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> >
> > (6)  Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

---

[5](...continued)
sits as an appellate court and decides whether the agency's findings of fact were clearly erroneous, and whether the agency's conclusions of law were right or wrong, based upon the record before the agency, Del Monte Fresh Produce (Haw.), Inc. v. International Longshore & Warehouse Union, Local 142, 128 Hawaiʻi 289, 302, 287 P.3d 190, 203 (2012) ("An agency's conclusions of law are reviewed de novo, while an agency's factual findings are reviewed for clear error."); the circuit court does not make its own findings of fact, see Spar Mktg. Servs., Inc. v. State Dep't of Lab. & Indus. Rels., 144 Hawaiʻi 122, 127, 436 P.3d 1205, 1210 (App. 2019) ("The Circuit Court should have reviewed the evidence presented to the hearings officer not to make its own findings or conclusions, but to determine whether the Agency Decision was clearly erroneous.").

"Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects under subsection (3); findings of fact under subsection (5); and an agency's exercise of discretion under subsection (6)."  Del Monte Fresh Produce (Haw.), Inc. v. International Longshore & Warehouse Union, Local 142, 128 Hawai‘i 289, 302, 287 P.3d 190, 203 (2012) (citations omitted).

Pladera acknowledges:

> The Commission is an administrative body of "specialized competence" serving as "an appellate board to decide appeals from any action under chapter 76, Hawai‘i Revised Statutes."  [Rules of the Civil Service Commission of the County of Maui (**RCSC**)] § 11-101-1(a).  Its creation was mandated by the legislature. See HRS[]§§ 76-14, 76-47 & 76-71.  Its jurisdiction and rules encompass appointments for all civil service positions in Maui County.  [RCSC] § 11-101-2.  It is undisputed that Pladera applied for a civil service position and he timely challenged his non-selection before the [Commission], which ruled on his challenge[.]

(Citations to appendix omitted.)  In such cases, the Hawai‘i Supreme Court has instructed:

> If the legislature has granted the agency discretion over a particular matter, then we review the agency's action pursuant to the deferential abuse of discretion standard (bearing in mind the legislature determines the boundaries of that discretion).

Paul's Elec. Serv., Inc. v. Befitel, 104 Hawai‘i 412, 419-20, 91 P.3d 494, 501-02 (2004).

## **DISCUSSION**

Pladera's opening brief incorrectly cites the record on appeal.  His argument section does not track his statement of the points of error.  See Hawai‘i Rules of Appellate Procedure Rule 28(b)(7).  We address Pladera's arguments in the order made in the opening brief, and deem any point not argued to have been waived.  Id.

**A.**  Pladera argues that the circuit court erred by failing to rule on his challenge to the constitutionality of

6

MPD's PRS-PC.  The circuit court entered the following
conclusions of law:

> 19.  The Court notes that the original appeal was not
> dependent on any challenge to the constitutionality of the
> MPD's PRS-PC, and as [Pladera] conceded in oral argument,
> Mr. Pladera was eventually promoted to the rank of captain.
>
> 20.  As to [Pladera]'s request that this Court
> declare the MPD's PRS-PC unconstitutional, this Court
> concludes that HRS § 91-14 grants it the ability to review
> the constitutionality of ***actions*** taken by the Commission,
> but does not authorize the Court to declare the entire
> promotional system unconstitutional.  As this Court sits as
> an appellate court in this matter, this Court declines to do
> so.

(Bold italics in original.)

The circuit court's label of a finding of fact or a
conclusion of law does not determine the standard of review.  See
Crosby v. State Dep't of Budget & Fin., 76 Hawaiʻi 332, 340, 876
P.2d 1300, 1308 (1994).  The question whether an agency's
determination is a finding of fact or a conclusion of law is a
question of law; thus, the accuracy of the label affixed by the
agency is freely reviewable.  Kilauea Neighborhood Ass'n v. Land
Use Comm'n, 7 Haw. App. 227, 229, 751 P.2d 1031, 1034 (1988)
(citation omitted).

Conclusion of law (**COL**) no. 19 was actually a finding
of fact.  It was erroneous.  Pladera *did* challenge the
constitutionality of MPD's PRS-PC.  His "Opening Brief in Support
of Appeal" filed with the Commission argued:

> The unfettered discretion permitting the Chief to ignore the
> entire PRB process exceeds the limitations [of] the Hawaiʻi
> Constitution, HRS Chapter 76 and Maui Civil Service rules,
> as well as G.O. 202.8 itself, mandating a merit based
> selection process.  Thus, G.O. 202.8 is ultra vires, denied
> Pladera Due Process and is void.

The Commission found:

> 77.  The Commission finds the MPD Promotional Review
> System is merit based, and not subjective.

The Commission did not specifically conclude whether MPD's PRS-PC
violated the Hawaiʻi Constitution — facially or in its

application to Pladera — or HRS § 76-1.  Nor could it.  <u>See</u> <u>HOH</u>
<u>Corp. v. Motor Vehicle Licensing Bd.</u>, 69 Haw. 135, 143, 736 P.2d
1271, 1276 (1987) ("The administrative agency is not empowered to
pass on the validity of the statute; nor is it qualified to
adjudicate the propriety of its own action.").

COL no. 20 was not wrong.  The circuit court concluded
"that HRS § 91-14 grants it the ability to review the
constitutionality of **actions** taken by the Commission[.]"  HRS
§ 91-14 "allows a circuit court, [u]pon review of the record
. . . [to] reverse or modify the decision and order [of the
agency] if the substantial rights of the [appellant] may have
been prejudiced because the administrative **findings, conclusions,
decisions, or orders**, are . . . [i]n violation of constitutional
. . . provisions[.]"  <u>HOH Corp.</u>, 69 Haw. at 142, 736 P.2d at 1275
(citing HRS § 91-14(g)(1)) (alterations in original) (original
italics omitted) (emphasis added).

Pladera contends that the doctrine of primary
jurisdiction applies.  It does not.  "Primary jurisdiction . . .
applies when the circuit court and an administrative agency both
possess original jurisdiction over the same claim."  <u>State v.
Nakanelua</u>, 134 Hawaiʻi 489, 512, 345 P.3d 155, 178 (2015).  The
Commission did not possess original jurisdiction over Pladera's
claim that MPD's PRS-PC was unconstitutional.  <u>See</u> <u>HOH Corp.</u>, 69
Haw. at 141, 736 P.2d at 1275 (noting that an administrative
agency "generally lacks power to pass upon constitutionality of a
statute.  The law has long been clear that agencies may not
nullify statutes.").

But that does not mean that the circuit court lacked
authority to rule on Pladera's contention that MPD's PRS-PC was
unconstitutional.  In <u>HOH Corp.</u>, HOH was a distributor of Honda
vehicles.  The Motor Vehicle Industry Licensing Board fined HOH
for violating a statute concerning cancellation or non-renewal of
dealership franchise agreements.  HOH appealed, denying any
statutory violation and asserting, for the first time, that the
statute authorizing the fine was unconstitutional.  In response,

8

the state Department of Commerce and Consumer Affairs (**DCCA**) argued that HOH's failure to raise the constitutional issues before the Board precluded the circuit court from considering the issue on appeal.  The circuit court agreed with the DCCA, recognizing "that judicial review of the agency determination should be 'confined to issues properly raised in the record of the administrative proceedings below.'"  <u>HOH Corp.</u>, 150 Hawaiʻi at 140, 736 P.2d at 1274.  Because "the constitutional issues were not matters of record, the [circuit] court affirmed the Board's decision and order without passing on them."  <u>Id.</u>

HOH filed a secondary appeal.  The supreme court stated:

> We cannot fault the circuit court's declaration that "[t]he Board [was] not empowered to adjudicate the constitutionality of its governing statute[.]" . . . .
>
> Nor do we have reason to question the pronouncement that judicial review of an agency determination must be "confined to issues properly raised in the record of the administrative proceedings below."  For under the Hawaii Administrative Procedure Act, "[t]he review [is] conducted by the appropriate court without a jury and [is] confined to the record[.]"  HRS § 91-14(f).  ***Still, it does not necessarily follow that the constitutional issues posed by the motor vehicle distributor were not cognizable by the circuit court***.
>
> . . . .
>
> The "delicate and difficult office [of ascertaining] whether . . . legislation is in accordance with, or in contravention of, [constitutional] provisions" is confided to the courts.  <u>United States v. Butler</u>, 297 U.S. 1, 63, 56 S.Ct. 312, 318, 80 L.Ed. 477 (1936).

<u>HOH Corp.</u>, 69 Haw. at 141-42, 736 P.2d at 1275 (emphasis added).

The supreme court noted that HOH had requested constitutional relief as part of its HRS § 91-14 appeal to the circuit court.  The supreme court held:

> That the request was coupled with another for relief expressly authorized by HRS § 91-14 should not preclude the circuit court from considering the request and affording redress or relief if warranted. . . .
>
> [HOH]'s decision to challenge the statute's facial validity at the same time it challenged the administrative action promoted the judicious use of scarce judicial

9

> resources.  Moreover, the possibility of constitutional questions being decided in a vacuum was extinguished thereby.  Though we recognize the agency decision will rarely aid in the ultimate judicial resolution of a challenge of the law as written, there are cases where even this question will be better framed by the structure of a factual context [as determined by the agency].

HOH Corp., 69 Haw. at 143, 736 P.2d at 1276 (cleaned up).  The supreme court remanded the case to the circuit court for determination of HOH's challenge to the constitutionality of the statute.

HRS § 91-7 (2012 & Supp. 2017) may be pertinent to this appeal.[6]  It provides:

> **Declaratory judgment on validity of rules**.  (a)  Any interested person may obtain a judicial declaration as to the validity of an agency rule as provided in subsection (b) by bringing an action against the agency in the circuit court or, if applicable, the environmental court, of the county in which the petitioner resides or has its principal place of business.  The action may be maintained whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question.
>
> (b)  The court shall declare the rule invalid if it finds that it violates constitutional or statutory provisions, or exceeds the statutory authority of the agency, or was adopted without compliance with statutory rulemaking procedures.

Under the supreme court's reasoning in HOH Corp., the circuit court in this case could have decided Pladera's challenge to the constitutionality of MPD's PRS-PC.  We remand for the circuit court to do so.  We express no opinion on the merits of any aspect of Pladera's challenge.  As explained in the following paragraphs, however, we affirm the remainder of the circuit court's Judgment, and the Commission's March 1, 2017 Findings of Fact, Conclusions of Law, and Order Denying Petition of Appeal.

**B.**  Pladera argues that the Commission erred by not making individual rulings on each of his lengthy proposed

---

[6]      We express no opinion on whether MPD's PRS-PC is an "agency rule" within the ambit of HRS § 91-7.

findings of fact and conclusions of law.[7]  A separate ruling on each of Pladera's proposed findings and conclusions was not required.  See In re Terminal Transp., Inc., 54 Haw. 134, 139, 504 P.2d 1214, 1217 (1972).  "All that is required is that the agency incorporate its findings and rulings in its decision[,]" and to "make its findings and rulings reasonably clear." Survivors of Timothy Freitas, Dec. v. Pac. Contractors Co., 1 Haw. App. 77, 84, 613 P.2d 927, 932 (1980).

Pladera argues that the Commission erred by granting MPD's motion to strike portions of his position statement and exhibits.  The Commission's Rules authorize it to rule on objections, motions, and offers of proof, and to receive relevant evidence, limit lines of questioning that are irrelevant, immaterial, or repetitious, and take other actions deemed necessary to the orderly and just conduct of the hearing, among other things.  RCSC § 11-102-39(i); see also HRS § 91-10(1) (2012) (authorizing agency to exclude "irrelevant, immaterial, or unduly repetitious evidence").  "Although the parties have the right to present evidence, cross-examine opposing evidence, and submit rebuttal evidence, considerations of relevancy, materiality, and repetition limit the presentation of evidence in contested case proceedings."  In re Application of Maui Elec. Co., 141 Hawaiʻi 249, 269, 408 P.3d 1, 21 (2017) (cleaned up). The Commission "has the authority to set limitations in conducting the proceedings so long as the procedures sufficiently afford an opportunity to be heard at a meaningful time and in a meaningful manner[.]"  Id. at 270, 408 P.3d at 22.  The evidence excluded by the Commission concerned alleged misconduct by PRB members during a subsequent recruitment for police captain that was not the subject of Pladera's appeal.  We conclude that the Commission did not abuse its discretion by excluding evidence pertaining to a subsequent recruitment for police captain that was not the subject of Pladera's appeal.

---

[7]     Pladera submitted 105 proposed findings of fact and 55 proposed conclusions of law.

Pladera argues that the Commission erred by refusing to allow him to make an offer of proof about the excluded evidence. He represents that the excluded evidence would have shown "that three of the PRB members acted arbitrarily and disregarded the mandates of MPD 1998 PRS-PC in their scoring" of Pladera in a subsequent recruitment for police captain after Pladera was not selected for the three captain positions at issue in this appeal. We conclude that the Commission did not abuse its discretion by rejecting Pladera's offer of proof, because evidence that PRB members may have acted arbitrarily in a *subsequent* recruitment is not relevant to whether they did so in the recruitment at issue in this appeal. State v. Ortiz, 93 Hawaiʻi 399, 408, 4 P.3d 533, 542 (App. 2000) ("Events occurring after a contested event are generally not relevant.") (citation omitted); cf. In re Est. of Herbert, 90 Hawaiʻi 443, 463, 979 P.2d 39, 59 (1999) ("[E]vidence of facts which occur after the testator's death is ordinarily inadmissible on the issue of undue influence.").

Pladera next argues that the Commission "manipulated the evidence, allowing hearing by ambush through the untimely admission of [MPD]'s Exhibits 34-36, in direct violation of its pre-hearing order setting a deadline of October 5, 2016, for such filings." Pladera received the exhibits in question three days before the hearing. We conclude that the Commission did not abuse its discretion by admitting the three exhibits, because Pladera was given a reasonable opportunity to respond to the evidence. See In re Maui Elec. Co., 141 Hawaiʻi at 270, 408 P.3d at 22.

**C.** Pladera argues that the PRS-PC was not properly adopted by MPD. He challenges the Commission's finding of fact (**FOF**) nos. 20, 31, and 32.

The Commission found:

> 20. Although the entirety of the PRS-PC is not contained in G.O. 202.8, the Commission finds that G.O. 202.8 incorporates the same criteria utilized to assess and score Police Captain candidates as set forth in the PRS-PC.

. . . .

> 31. In 1998, changes were made to G.O. 202.8 pertaining to promotions for Captain and Inspector (Assistant Chief). Change Notice No. 68 was issued in conformity with G.O. 102.2, indicating the changes in the percentages for the Merit Standards for both Captain and Inspectors (Assistant Chief) promotions. The issuance of Change Notice No. 68 confirmed the adoption of the 1998 PRS-PC (revising the percentages for the Merit Standards). Change Notice No. 68 was effective November 1, 1998.
>
> 32. The Commission finds there is a presumption that changes to the percentages for the Merit Standards in the 1998 PRS-PC were revised as required by G.O. 102.2, otherwise Change Notice No. 68 would not have been issued.

(Footnotes omitted.)

FOF no. 20 is supported by substantial evidence in the record. It is not clearly erroneous.

FOF nos. 31 and 32 are combined findings of fact and conclusions of law. They are supported by substantial evidence in the record and were within the specialized competence of the Commission. We conclude that the Commission did not abuse its discretion by making or entering the combined findings and conclusions.

**D.** Pladera argues that the PRS-PC was not "merit based." He challenges the Commission's FOF nos. 12, 13, 14, 45, and footnote 26.

The Commission found:

> 12. The establishment of scoring standards for Police Captain includes assigning 50% weight to Merit Standards and 50% weight to evaluation by the PRB. These comprised the total score for Police Captain. The ratings of these evaluation segments are equally weighted and consolidated to produce a total rating for each applicant.
>
> 13. The Merit Standards utilized for Police Captain include the following categories and respective percentages: Conduct and Disciplinary Record - 2.5%; Performance Appraisal Rating - 5.0%; Work Experience Record - 5.0%; Oral Review Board Rating - 30%; Seniority - 5.0%; Education and Training - 2.5%.
>
> 14. As to the Conduct and Disciplinary Record category, the Promotional Review System provides the review period for this category consists of the past 3 years. This 3 year time period is consistent with the SHOPO (State of Hawaii Organization of Police Officers) collective bargaining agreement.

. . . .

45. The PRB was provided instructions and blank rating sheets to utilize in the interview. Additionally, the PRB was provided with copies of each candidate's performance evaluation. The PRB evaluation portion is worth 50% of the total score.

. . . .

[26] The Oral Review Board is comprised of the same panel as the PRB. All candidates were interviewed only once. The Oral Review Board rating is derived from the same interview as the interview for the PRB evaluation.

These findings of fact are supported by substantial evidence in the record and are not clearly erroneous. Pladera's argument that they are actually conclusions of law "couched as" findings of fact is without merit.

**E.** Pladera argues that the Commission erroneously ignored the other candidates' disciplinary history. He challenges FOF nos. 14, 80, and 83.

The Commission found:

14. As to the Conduct and Disciplinary Record category, the Promotional Review System provides the review period for this category consists of the past 3 years. This 3 year time period is consistent with the SHOPO (State of Hawaii Organization of Police Officers) collective bargaining agreement.

. . . .

80. The Commission finds that whether or not [Pladera] was subject to discipline while employed with the MPD, unlike [the three lieutenants selected for captain], is immaterial and not relevant because the prior discipline imposed on [the three lieutenants selected for captain] occurred outside of the 3 year review period as stated in the 1998 PRS-PC.

. . . .

83. The Commission finds the PRB was not under any mandate to consider the candidates' disciplinary history, although the PRB had the discretion to consider prior discipline, even if it occurred beyond the 3 year review period.

These findings of fact are supported by substantial evidence in the record and are not clearly erroneous. The PRS-PC

states: "The review period consists of the past 3 years." Pladera cites to no authority that requires the PRB review any candidate's disciplinary history beyond the three-year period specified by the PRS-PC.

## CONCLUSION

For the foregoing reasons, we remand to the circuit court for consideration of Pladera's challenge to the constitutionality of MPD's PRS-PC, without expressing any opinion on the merits of Pladera's challenge. In all other aspects, the circuit court's Judgment, and the Commission's "Findings of Fact, Conclusions of Law, and Order Denying [Pladera]'s Petition of Appeal[,]" are affirmed.

DATED: Honolulu, Hawaiʻi, March 24, 2023.

On the briefs:

Carl M. Varady,
for Petitioner-Appellant-
Appellant.

James E. Halvorson,
Claire W.S. Chinn,
Deputy Attorneys General,
State of Hawaiʻi,
for Agency-Appellee-Appellee
Maui County Civil Service
Commission.

Thomas Kolbe,
Deputy Corporation Counsel,
for Respondents-Appellees-
Appellees County of Maui and
Maui County Police Department.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge